T.C. Summary Opinion 2006-153


UNITED STATES TAX COURT


REGINA FELTON, PC, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14333-05S.            Filed September 18, 2006.


Regina Felton (an officer), for petitioner.

<u>Diana Hinton</u>, for respondent.


ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect when the petition was filed.[1]  The decision to be entered

---

[1]  Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code in effect for 2001
and 2002, the taxable years in issue, and all Rule references are
to the Tax Court Rules of Practice and Procedure.

is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined deficiencies in petitioner's Federal income tax for the years 2001 and 2002 in the amounts of $7,017.50 and $4,962.65, respectively. Respondent also determined an addition to petitioner's Federal income tax for 2002 under section 6651(a)(1).[2] Petitioner timely filed a petition with the Court. The issues for decision are whether petitioner is a qualified personal service corporation subject to a flat tax rate and whether petitioner is liable for the additions to tax under section 6651(a)(1).

## Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' oral stipulations at trial and accompanying exhibits.

At the time the petition was filed, petitioner's principal place of business was Brooklyn, New York.

Regina Felton (Ms. Felton) is an attorney who has been engaged in the practice of law since 1978. In 1987, Ms. Felton

---

[2] The notice of deficiency determined an addition to tax for 2002 under sec. 6651(a)(1) of $1,414.36. However, this appears to comprise $1,116.60 allocable to sec. 6651(a)(1), failure to file, and $297.76 allocable to sec. 6651(a)(2), failure to pay. Because the sec. 6651(a)(2) addition was not determined in the notice of deficiency and is not properly before the Court, we decide only the issue of the addition to tax imposed under sec. 6651(a)(1).

incorporated petitioner as a New York professional corporation.[3] Since petitioner's incorporation, Ms. Felton has been its sole shareholder, holding 100 percent of the corporation's shares. At all relevant times, the sole activity engaged in by petitioner was the rendering of legal services. Since 1989, Ms. Felton has been petitioner's sole practitioner providing those services. Petitioner employs a minimal secretarial and/or clerical staff.

Since 1987, petitioner's certified public accountant, Raymond Saylor (Mr. Saylor), has prepared petitioner's corporate income tax returns. For the years in issue, Mr. Saylor calculated petitioner's tax based on the graduated tax rate for corporations under section 11(b)(1).[4] In addition, Mr. Saylor prepared a Form 7004, Application for Automatic Extension of Time to File Corporation Income Tax Return (extension request), for petitioner's calendar year 2002 income tax return and delivered

---

[3] Attorneys are not permitted to incorporate as traditional corporations under New York State law. See N.Y. Jud. Law sec. 495(1) (McKinney 2006); see also In re Co-operative Law Co., 92 N.E. 15 (N.Y. 1910). Rather, to incorporate a law firm, the professional corporation provisions must be followed. See N.Y. Bus. Corp. Law sec. 1503 (McKinney 2006).

[4] Sec. 11(b)(1) imposes a tax on the taxable income of every corporation as follows:
    (A) 15 percent of so much of the taxable income as does not exceed $50,000,
    (B) 25 percent of so much of the taxable income as exceeds $50,000 but does not exceed $75,000,
    (C) 34 percent of so much of the taxable income as exceeds $75,000 but does not exceed $10,000,000, and
    (D) 35 percent of so much of the taxable income as exceeds $10,000,000.

it to Ms. Felton, instructing her to sign it and mail it to the Internal Revenue Service. The IRS never received it.

Petitioner filed its Form 1120, U.S. Corporation Income Tax Return, for the calendar year 2002 on January 13, 2004.

In the notice of deficiency, respondent determined that Regina Felton, PC is a qualified personal service corporation subject to a special flat income tax rate of 35 percent. Petitioner filed a petition with the Court challenging respondent's determination, stating:

> I operate a law office as a sole practitioner. For the years 2001 and 2002, it is alleged my taxes were calculated improperly. The Revenue Agent advised that pursuant to IRC 448(d)(2), IRC 11 and 3121(d), the company should pay a "flat tax" of 35%. My accountant disagrees. The recalculation of the tax under the flat tax causes a substantial increase in tax on diminimus [sic] gross income.

## Discussion

For the reasons discussed below, we agree with respondent and decide that petitioner is a qualified personal service corporation under section 448(d)(2) and is therefore responsible for the income tax deficiencies determined by respondent for the calendar years 2001 and 2002. We also decide that petitioner is liable for the section 6651(a)(1) addition to tax determined by respondent for the late filing of its 2002 return.

A. Burden of Proof

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving those

determinations wrong.[5]  Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).  Petitioner did not meet this burden and, in fact, "[p]etitioner has not established the factual allegations in its petition which are material and essential."  <u>Wichita Terminal Elevator Co. v. Commissioner</u>, 6 T.C. 1158, 1165 (1946), affd. 162 F.2d 513 (10th Cir. 1947).  Petitioner offered no persuasive evidence to support its claims and refute respondent's determination.  See <u>Wood Corp. v. Commissioner</u>, 22 B.T.A. 1182 (1931) (requiring some evidentiary showing because "[t]he adequate presentation of pertinent facts is the burden assumed by the petitioner * * *.  * * * [and a] decision favorable to its contentions can not rest on assumption or speculation.  It must rest on facts."), affd. 63 F.2d 1023 (6th Cir. 1933).  Petitioner's self-serving assertions are insufficient.  See <u>Tokarski v. Commissioner</u>, 87 T.C. 74, 77 (1986) (stating "we are not required to accept the self-serving testimony of petitioner * * * as gospel.").  Petitioner failed to meet its burden of proof, and, consequently, the Court must side with respondent.

---

[5]  The burden of proof may, under certain circumstances, shift to the Commissioner under sec. 7491(a) if the taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the taxpayer's income tax liability. See <u>Higbee v. Commissioner</u>, 116 T.C. 438, 441 (2001).  The burden of proof is not shifted to respondent in this case, because, inter alia, petitioner neither alleged that sec. 7491(a) is applicable nor introduced any credible evidence with respect to any factual issue relevant to ascertaining its income tax liability.  See <u>id.</u>

B. <u>Qualified Personal Service Corporation</u>

Respondent contends that petitioner is not eligible for the graduated income tax rates under section 11(b)(1) because it is a qualified personal corporation pursuant to section 448(a)(2) and is instead subject to a flat 35-percent tax rate under section 11(b)(2).  In support of this contention, respondent argues that Ms. Felton, petitioner's sole shareholder, is an employee of the corporation.  Petitioner, however, contends that Ms. Felton does not "consider herself" to be petitioner's employee, and therefore petitioner is not a qualified personal service corporation under section 448(d)(2).  We agree with respondent.

Section 11(b)(1) generally imposes a tax on the income of a corporation at a graduated rate.  However, qualified personal service corporations are taxed at a flat 35-percent tax rate. Sec. 11(b)(2).

Section 448(d)(2) defines a "qualified personal service corporation" as any corporation:

> (A) substantially all of the activities of which involve the performance of services in the fields of health, law, engineering, architecture, accounting, actuarial science, performing arts, or consulting, and

> (B) substantially all of the stock of which (by value) is held directly * * * by--

> > (i) employees performing services for such corporation in connection with the activities involving a field referred to in subparagraph (A),

> > (ii) retired employees who had performed such services for such corporation,

      (iii) the estate of any individual described in clause (i) or (ii), or

      (iv) any other person who acquired such stock by reason of the death of an individual described in clause (i) or (ii) * * * .

To be a qualified personal service corporation, a corporation must satisfy two tests under the regulations:  the function test and the ownership test.  Sec. 1.448-1T(e)(3), (4), and (5), Temporary Income Tax Regs., 52 Fed. Reg. 22768 (June 16, 1987), as amended by T.D. 8329, 56 Fed. Reg. 485 (Jan. 7, 1997), and T.D. 8514, 58 Fed. Reg. 68299 (Dec. 27, 1993).  There is no dispute here that the function test was satisfied because petitioner's sole activity was the performance of services in the field of law.[6]  See sec. 1.448-1T(e)(4), Temporary Income Tax Regs., 52 Fed. Reg. 22768 (June 16, 1987), as amended by T.D. 8329, 56 Fed. Reg. 485 (Jan. 7, 1997), and T.D. 8514, 58 Fed. Reg. 68299 (Dec. 27, 1993).  Instead, at the center of this dispute is whether petitioner satisfied the ownership test.

The ownership test requires that substantially all of the corporation's stock is held directly by employees performing the corporation's services, here, in the field of law.  Sec. 448(d)(2)(B)(i); sec. 1.448-1T(e)(5)(i)(A), Temporary Income Tax

---

[6]  The function test requires that 95 percent or more of corporate employees' time be spent on providing services in one of the enumerated fields, which include law.  See sec. 1.448-1T(e)(4), Temporary Income Tax Regs., 52 Fed. Reg. 22768 (June 16, 1987), as amended by T.D. 8329, 56 Fed. Reg. 485 (Jan. 7, 1997), and T.D. 8514, 58 Fed. Reg. 68299 (Dec. 27, 1993).

Regs., supra.  Petitioner contends that it did not satisfy the ownership test because all of its stock was held by a nonemployee, Ms. Felton.  That said, petitioner has done nothing to convince us that Ms. Felton is anything other than an employee.

Section 448(d)(2) does not adequately define the term "employee",[7] but as a general rule, when Congress has used the term without defining it, we have concluded that Congress intended to describe the conventional relationship as understood by common law.  See, e.g., Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 322-323 (1992).  Likewise, both the Court and the Commissioner have adopted common-law rules to distinguish employees from independent contractors.  See Weber v. Commissioner, 103 T.C. 378, 387 (1994), affd. 60 F.3d 1104 (4th Cir. 1995); Rev. Rul. 87-41, 1987-1 C.B. 296; see also Nationwide Mut. Ins. Co. v. Darden, supra at 324.  The primary feature in this analysis is control over the manner and means by which an employee performs his or her services.  See Rev. Rul. 87-41, supra; see also Clackamas Gastroenterology Associates, P.C. v. Wells, 538 U.S. 440, 448 (2003) (describing the element of control as the "principal guidepost"); Ron Lykins, Inc. v. Commissioner, T.C. Memo. 2006-35.

---

[7]  Sec. 1.448-1T(e)(5)(ii), Temporary Income Tax Regs., supra, does contain a definition of employee, but it does not appear to be helpful in these circumstances.

As the sole stockholder and owner of petitioner, Ms. Felton controlled the business and controlled which clients to represent. She also had control over how that representation was undertaken. Indeed, it was Ms. Felton, petitioner's only attorney, that performed all of petitioner's legal services. Common experience under these facts tells us that petitioner and Ms. Felton were one and the same for purposes of control.

In addition, it is important to note that some Internal Revenue Code provisions include the officers of a corporation in their definition of employee. See, e.g., sec. 3121(d) (providing that an officer of a corporation is an employee for employment tax purposes). When asked, Ms. Felton testified that she does not "call herself an officer". The Court, however, takes judicial notice of the fact that the New York Department of State, Division of Corporations' Web site lists Regina Felton as petitioner's "Chairman or Chief Executive Officer". See http://appsext5.dos.state.ny.us/corp_public/; see also Fed. R. Evid. 201. Petitioner was asked by the Court to provide a copy of its original application for incorporation. Petitioner did not do so. Under New York State law, certificates of incorporation for professional corporations must list the names of the corporation's shareholders, officers, and directors. N.Y. Bus. Corp. Law sec. 1503 (McKinney 2006). "The rule is well established that the failure of a party to introduce evidence

within his possession and which, if true, would be favorable to him, gives rise to the presumption that if produced it would be unfavorable." Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. at 1165. Under Wichita Terminal, the assumption must be that the incorporation documents would contradict Ms. Felton's testimony.

Balanced against Ms. Felton's unsupported assertions, see Tokarski v. Commissioner, 87 T.C. at 77, are the facts in this case establishing that Ms. Felton is the corporate petitioner's sole shareholder. She is the sole attorney performing all of the petitioner law firm's legal services. Ms. Felton is also presumed to be the sole officer and/or director of the corporation.[8] It is the opinion of the Court that Ms. Felton is petitioner's employee for the purpose of the instant analysis.

Therefore, because all of petitioner's stock was held directly by its employee, Ms. Felton, petitioner also satisfied

---

[8] "When all of the issued and outstanding stock of the corporation is owned by one person, such person may hold all or any combination of offices." N.Y. Bus. Corp. Law sec. 715 (McKinney 2006). Aside from Ms. Felton's being listed with the New York Secretary of State as petitioner's chairman or chief executive officer, New York State law requires that all officers and directors of a professional service corporation be authorized to engage in the practice of the profession "which such corporation is authorized to practice" and is either a shareholder or "engaged in the practice of his profession in such corporation." N.Y. Bus. Corp. Law sec. 1508 (McKinney 2006). Ms. Felton is petitioner's sole shareholder, and she testified that she is the only attorney who performed legal services for petitioner. None of the clerical or secretarial staff employed by petitioner is authorized under New York State law to be an officer or director of the corporation.

the ownership test. See sec. 448(d)(2)(B)(i); sec. 1.448-1T(e)(5)(i)(A), Temporary Income Tax Regs., 52 Fed. Reg. 22768 (June 16, 1987), as amended by T.D. 8329, 56 Fed. Reg. 485 (Jan. 7, 1997), and T.D. 8514, 58 Fed. Reg. 68299 (Dec. 27, 1993). Accordingly, we hold that petitioner is a qualified personal service corporation under section 448(d)(2) and is subject to the flat 35-percent tax rate for the years in issue.

C. Addition to Tax

Section 6651(a)(1) imposes an addition to tax for failure to file a return by its due date. Sec. 6651(a)(1). The addition equals 5 percent for each month or fraction thereof that the return is late, not to exceed 25 percent. Id. Respondent bears the burden of production with respect to the addition to tax. See sec. 7491(c); see also, e.g., Swain v. Commissioner, 118 T.C. 358, 363 (2002); Higbee v. Commissioner, 116 T.C. 438 (2001). Respondent has met his burden.

In the absence of an extension, the last date for petitioner to file its calendar year 2002 return was March 17, 2003. Secs. 6072(b), 7503. Ms. Felton claims to have filed an extension request, but petitioner has been unable to produce any evidence that such a request was sent to the IRS. Instead of a retained copy, Ms. Felton proffered a "simulated" copy of the extension request filled out on or about March 7, 2006, to demonstrate what petitioner's extension request would have looked like had one been submitted in 2003.

Assuming, arguendo, that petitioner had timely submitted an extension request, an extension would have given petitioner until September 15, 2003, to file its 2002 return. Sec. 6081(a); sec. 1.6081-3, Income Tax Regs. Petitioner's 2002 return was not filed, however, until January 13, 2004. The return was still late. The only bearing an extension would have had on the instant case would be in the calculation of the addition to tax. Because we are unpersuaded that a request for an extension of time to file the return was properly sought, we need not consider a recalculation of the addition to tax under section 6651(a).

"A failure to file a tax return on the date prescribed leads to a mandatory penalty unless the taxpayer shows that such failure was due to reasonable cause and not due to willful neglect." McMahan v. Commissioner, 114 F.3d 366, 368 (2d Cir. 1997). A showing of reasonable cause requires taxpayers to demonstrate they exercised "ordinary business care and prudence" but were nevertheless unable to file the return within the prescribed time. United States v. Boyle, 469 U.S. 241 (1975); sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

In its posttrial memorandum, petitioner contends that the late filing of its return is attributable to the December 23, 2002, death of Ms. Felton's mother after a long illness.

A taxpayer may have reasonable cause for failure to timely file a return where the taxpayer or a member of the taxpayer's family experiences an illness or incapacity that prevents the

taxpayer from filing his or her return.  See, e.g., <u>Hobson v. Commissioner</u>, T.C. Memo. 1996-272 (reasonable cause was found where taxpayers cared for a seriously ill child and an invalid parent and taxpayer husband's job forced taxpayers to live apart for part of the year); <u>Tabbi v. Commissioner</u>, T.C. Memo. 1995-463 (reasonable cause was found where taxpayers' son had heart surgery and taxpayers spent 4 months continuously in the hospital with him, and taxpayers filed their return 2 months after their son's death).  In contrast, a taxpayer generally does not have reasonable cause for his or her failure to timely file a return where the taxpayer's illness does not prevent the taxpayer from filing his or her return.  See, e.g., <u>Watts v. Commissioner</u>, T.C. Memo. 1999-416 (reasonable cause was not found where, although taxpayer's mother and daughter were both ill and taxpayer frequently took them to see doctors, taxpayer also performed extensive architectural services in taxpayer's business); <u>Wright v. Commissioner</u>, T.C. Memo. 1998-224 (reasonable cause was not found where the taxpayer had capacity to attend to matters other than filing tax returns despite his mother's traumatic disappearance and death and the taxpayer's failure to file returns continued beyond the duration of these events), affd. without published opinion 173 F.3d 848 (2d Cir. 1999).

Although the Court sympathizes with Ms. Felton for the loss of her mother, petitioner clearly filed its return beyond the duration of the illness and incapacity, and, in the instant case,

petitioner provided no information demonstrating the extent to which Ms. Felton's family loss prevented the corporation from filing its return. See <u>Tokarski v. Commissioner</u>, 87 T.C. at 77. On the basis of the record before us, we therefore conclude that petitioner did not demonstrate that its failure to timely file a return was due to reasonable cause and not willful neglect. See sec. 301.6651-1(c), Proced. & Admin. Regs.; sec. 1.6161-1(b), Income Tax Regs. Accordingly, petitioner is liable for the addition to tax under section 6651(a)(1) for 2002.

## Conclusion

We have considered all of the other arguments made by petitioner, and, to the extent that we have not specifically addressed them, we conclude that they are without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect our disposition of the disputed issues,

<u>Decision will be entered for respondent as to the deficiencies in tax and the addition to tax under section 6651(a)(1) for 2002 in the amount of $1,116.60.</u>