T.C. Summary Opinion 2006-172


UNITED STATES TAX COURT


GARY DON ERWIN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 23500-04S.                    Filed October 24, 2006.


Gary Don Erwin, pro se.

<u>Elke Esbjornson</u>, for respondent.


GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue.

Respondent issued petitioner a notice of deficiency in the amount of $4,167 for taxable year 2001.  In the same notice, respondent determined the following additions to tax:

| Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654(a)(2) |
| --- | --- | --- |
| $937 | $562 | $164 |

After concessions,[1] the sole issues for decision are whether petitioner is liable for additions to tax under sections 6651(a)(1) and 6654(a).  We hold that he is.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference.

At the time the underlying petition was filed, petitioner resided in Clifton, Texas.

During the taxable year at issue, 2001, and the previous taxable year, 2000, petitioner worked as a corporate trainer for Compliance Systems, Inc. (Compliance).  Under the terms of his employment, Compliance provided petitioner with materials necessary for him to lead hazardous materials training courses for its employees.

A dispute arose between petitioner and Compliance sometime in late 2001 regarding petitioner's employment status.  Although

---

[1] Respondent has conceded the addition to tax under sec. 6651(a)(2) for failure to pay.  Petitioner conceded that he received wages of $17,588 and interest income of $11.

petitioner filed his 2000 Federal income tax return, paying self-employment tax on the income he received that year from Compliance, petitioner believed that he was actually an employee rather than an independent contractor. Thus, in 2001, petitioner contacted the Austin Customer Service Center and submitted Form SS-8, Determination of Worker Status for Purposes of Federal Employment Taxes and Income Tax Withholding, which requested a determination of his employment status at Compliance for Federal employment tax purposes.

Petitioner received taxable wages of $17,588[2] from Compliance for work performed in 2001. Compliance believed that petitioner was an independent contractor, and accordingly, withheld no Federal income tax from his paycheck. Although petitioner was aware that Compliance considered him an independent contractor, he did not pay any estimated tax payments in 2001. In summary, Compliance withheld no Federal income tax from petitioner's 2001 wages, and petitioner did not make any estimated tax payments in 2001 with respect to his income from Compliance.

On May 10, 2002, respondent issued a determination letter that stated petitioner was an employee, and not an independent

---

[2] Petitioner received total wages of $18,423 from Compliance in 2001; however, he claimed that a portion of that amount was received for business expense reimbursement. Respondent concedes that $835 should be subtracted from the income reported to respondent by Compliance.

contractor.  Respondent requested that Compliance amend its payroll taxes for 2001 and issue petitioner a Form W-2, Wage and Tax Statement.

Petitioner did not file a Federal income tax return for taxable year 2001.  Accordingly, respondent prepared a substitute return.

### Discussion

Although petitioner does not contest his 2001 Federal income tax liability stemming from the wages he received from Compliance and unreported interest income, he challenges the section 6651(a)(1) and 6654(a) additions to tax imposed by respondent. Petitioner claims that he could not file his 2001 return because he was awaiting respondent's determination of his employment status, and thereafter, because Compliance failed to issue him a Form W-2 for that year.

### Section 6651(a)(1) Addition to Tax

Section 6651(a)(1) imposes an addition to tax for failure to file a return by its due date.  The addition to tax equals 5 percent for each month or fraction thereof that the return is late, not to exceed 25 percent.  Sec. 6651(a)(1).  Respondent bears the burden of production with respect to the section 6651(a)(1) addition to tax.  See sec. 7491(c); see also, e.g., Swain v. Commissioner, 118 T.C. 358, 363 (2002); Higbee v.

<u>Commissioner</u>, 116 T.C. 438 (2001). For the reasons stated forthwith, we hold that respondent has met this burden.

In the absence of an extension, the last date for petitioner to file his Federal income tax return for taxable year 2001 was April 15, 2002. Petitioner testified that he filed an extension request, but he has been unable to produce any evidence that this request was sent to the IRS.

Assuming, arguendo, that petitioner had timely submitted an extension request, an extension would have provided petitioner until October 15, 2002, to file his 2001 Federal income tax return. Sec. 6081(a). However, the only bearing a timely submitted extension request would have had on the instant case would be in the calculation of the addition to tax. Because we are unpersuaded that a request for extension of time to file the return was properly sought, we need not consider a recalculation of the addition to tax under section 6651(a).

"A failure to file a tax return on the date prescribed leads to a mandatory penalty unless the taxpayer shows that such failure was due to reasonable cause and not due to willful neglect." <u>McMahan v. Commissioner</u>, 114 F.3d 366, 368 (2d Cir. 1997), affg. T.C. Memo. 1995-547; see sec. 6651(a). A showing of reasonable cause requires taxpayers to demonstrate that they exercised "ordinary business care and prudence", but were nevertheless unable to file the return within the prescribed

time.  <u>United States v. Boyle</u>, 469 U.S. 241 (1985); sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

Petitioner testified that he did not file his Federal income tax return on its original due date because he was awaiting respondent's determination of his employment status and thereafter, because Compliance did not provide him with a Form W-2, nor did it report his wages to respondent.

Petitioner's reasoning as to why he did not file his 2001 return is misguided and without merit.  Petitioner did not contest that he received gross income for 2001 of $17,588, nor did he dispute his obligation to pay tax on this income and file a return.  Further, he did not challenge that his employer withheld no Federal income tax from his compensation for 2001. Secs. 63(a), 6001.  Therefore, petitioner's employment status had no bearing on his obligation under law to file a Federal income tax return.  Moreover, if we were to believe petitioner's claim that he timely filed a request for an extension to file, his return would have been due on October 15, 2002.  Since respondent's determination letter was received on May 10, 2002, petitioner would have had sufficient time to file a return for 2001.

Petitioner next claimed that he did not file his return after receiving respondent's determination letter because Compliance did not file a Form W-2 as requested by respondent.

On this point, petitioner's reasoning is without merit. Compliance treated petitioner as an independent contractor throughout 2001. It withheld no Federal income tax from petitioner's wages. Accordingly, respondent's determination matters little against the fact that petitioner's 2001 wages and interest income were subject to tax. Since Compliance withheld no Federal income tax from petitioner's wages during the year, it was petitioner's obligation to pay the tax when due.

Section 6654(a) Addition to Tax

Section 6654(a) imposes an addition to tax for failure to pay estimated income tax where prepayments of such tax, either through withholding or by making estimated quarterly tax payments during the course of the year, do not equal the percentage of total liability required under the statute, unless the taxpayer shows that one of the statutory exceptions applies. Sec. 6654(a); Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992). The amount required to be paid through each such estimated quarterly payment is 25 percent of the "required annual payment". Sec. 6654(d)(1)(A). The "required annual payment" is, in turn, the lesser of 90 percent of the tax shown on the return for that taxable year or 100 percent of the tax shown on the return of the individual for the preceding taxable year. Sec. 6654(d)(1)(B).

Unlike section 6651(a), there is no broadly applicable reasonable cause exception to the section 6654 addition to tax;

generally, it is mandatory, and extenuating circumstances are irrelevant. Estate of Ruben v. Commissioner, 33 T.C. 1071, 1072 (1960); see also Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980) (imposition of section 6654 addition to tax is mandatory where estimated payments do not equal statutorily required percentage).

However, as with section 6651(a)(1), the Commissioner bears the burden of production regarding the section 6654 addition to tax. For the reasons stated herewith, we hold that respondent has met this burden.

Petitioner conceded that he did not pay any estimated tax on the wages he received from Compliance in 2001. Petitioner did not offer any explanation for his failure to pay beyond his reasoning that he had to wait for respondent's determination letter and thereafter, had to wait for Compliance to file a Form W-2 with respondent and send one to him. Both lines of petitioner's reasoning are wrong. During 2001, petitioner was treated by Compliance as an independent contractor. No Federal income tax was withheld from his wages. Accordingly, petitioner was under an obligation to remit estimated payments pursuant to section 6654(c) and (d). The fact that respondent ultimately determined petitioner was a Compliance employee does not negate petitioner's failure to make these payments when they were due in 2001.

In view of the foregoing, we sustain respondent's additions to tax under sections 6651(a)(1) and 6654(a)(2), respectively.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered for respondent as to the deficiency, and additions to tax under sections 6651(a)(1) and 6654(a)(2), and for petitioner as to the addition to tax under section 6651(a)(2)</u>.