**David Bruce McMAHAN, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 96–4083.

United States Court of Appeals, Second Circuit.

Argued Nov. 21, 1996.

Decided May 23, 1997.

Charles L. Howard, Hartford, CT (Louis B. Schatz, Scott H. Rothstein, Shipman & Goodwin, L.L.P., Hartford, CT, of counsel), for Petitioner.

Anthony T. Sheehan, Washington, DC (Loretta C. Argrett, Assistant Attorney General, Ann B. Durney, Tax Division, Department of Justice, of counsel), for Respondent.

Before: CARDAMONE, CALABRESI, Circuit Judges, and POOLER,* District Judge.

CARDAMONE, Circuit Judge.

David Bruce McMahan appeals from the decision of the United States Tax Court (Foley, J.), entered on February 6, 1996, sustaining the Commissioner's imposition of a late-filing penalty pursuant to 26 U.S.C. § 6651(a)(1) for the untimely filing of his 1982 personal income tax return. His appeal requires us to consider whether, as a matter of law, reliance on an agent to file an application for an extension of time to file a federal tax return constitutes reasonable cause for failure to file the return timely, and thereby exempts taxpayer from the late-filing penalty otherwise required by § 6651(a)(1).

Petitioner-taxpayer McMahan contends he exercised ordinary business care when, after requesting his agent to file a timely extension request, he relied on the agent's assurance that the request had been filed. The Supreme Court has invited the courts of appeals to formulate a bright-line rule to govern cases like this. *See United States v. Boyle,* 469 U.S. 241, 249 n. 8, 105 S.Ct. 687, 692 n. 8, 83 L.Ed.2d 622 (1985) ("When faced with a recurring situation, . . . the courts of appeals should not be reluctant to formulate a clear rule of law to deal with that situation."). We accept this invitation and rule that reliance on an agent to file a timely extension request does not exempt a taxpayer from the late-filing penalty.

## FACTS

Petitioner McMahan was a founding and general partner of a limited partnership,

* Hon. Rosemary S. Pooler, United States District Court Judge for the Northern District of New York, sitting by designation.

McMahan, Brafman, Morgan & Co., that brokered and dealt in government securities and stock options. James Russell, Esq., a lawyer with tax expertise, was a special limited partner in the partnership. Russell's responsibilities included handling McMahan's personal tax matters. In that connection, he prepared and filed petitioner's 1978, 1979, 1980, and 1981 federal income tax returns. He also represented McMahan before the Internal Revenue Service (IRS) in connection with the 1980 and 1981 returns.

The subject of this appeal is McMahan's 1982 tax return. On April 14, 1983 attorney Russell prepared and filed an application for an automatic extension of time, extending the deadline to file McMahan's 1982 tax return until August 15, 1983. He attached a check in the amount of $360,000, his estimate of petitioner's tax liability for the year and informed his client of this new deadline.

In May or June 1983 the partnership's executive committee transferred responsibility for partners' tax returns to an outside accounting firm. Attorney Russell retained responsibility for filing the 1982 return, and McMahan's executive assistant reminded the attorney about the August 15 deadline several times in the weeks prior to that date. The lawyer assured her he would file the appropriate forms. Petitioner also questioned attorney Russell, who informed him that he would file a request for a second extension, which he believed the IRS would grant. McMahan knew second extensions were not automatically granted by the IRS. During the week prior to August 15, both McMahan and his assistant again queried attorney Russell who told them that the second extension request had been filed. After this, petitioner went on vacation and, when he returned, he learned the second extension request had not been filed. The outside accounting firm eventually prepared and filed his 1982 tax return in March 1984, which was subsequently twice amended. The second amended return calculated petitioner's tax liability to be $154,596.

On February 12, 1987 the IRS sent taxpayer a notice of deficiency indicating that he owed $1,555,601 in taxes for 1982 and an additional $337,264 for failure to file a timely return under § 6651(a)(1). A settlement agreement was reached on the tax liability and the parties also agreed that were the statutory tax penalty applicable, it would be $141,028.

On June 8, 1995 the question of taxpayer's liability for the late-filing penalty imposed by the IRS pursuant to § 6651(a) was the subject of a trial in the tax court. That court found attorney Russell responsible through August 15, 1983 for the filing of McMahan's 1982 tax return (or alternatively, for filing an application for a second extension) and that the taxpayer had relied on Russell to do so. The tax court then held that reliance on an agent to file an extension request does not establish reasonable cause for failure to file a timely return and held McMahan liable for the statutory penalty. Petitioner appeals. We affirm.

## ANALYSIS

### A. *Reasonable Cause for Failure to File Timely*

A failure to file a tax return on the date prescribed leads to a mandatory penalty unless the taxpayer shows that such failure was due to reasonable cause and not due to willful neglect. 26 U.S.C. § 6651(a)(1). For each month the return is late, § 6651(a)(1) imposes a penalty of 5 percent of the late tax liability, up to a maximum of 25 percent. The burden of proving reasonable cause and lack of willful neglect rests on the taxpayer. *Boyle*, 469 U.S. at 244, 105 S.Ct. at 689. Treasury regulations define reasonable cause for the purposes of § 6651(a)(1), as follows: "If the taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time, then the delay is due to reasonable cause." 26 C.F.R. § 301.6651–1(c)(1). An automatic four-month extension may be obtained by filing an extension form and payment of an estimated tax liability for the tax year in question. *See* 26 U.S.C. § 6081(a); 26 C.F.R. § 1.6081–4(a)(1). Although not automatic, further extensions may be granted for "good cause." *See* 26 C.F.R. § 1.6081–1.

McMahan contends that he had reasonable cause for failing to file a timely extension application because he relied upon his tax

agent's assurances that the agent would file the application. Petitioner argues that this reliance on a trusted agent was an exercise of ordinary business care and prudence and therefore the penalty for late filing should not be assessed against him.

■ We review *de novo* the question of what elements constitute "reasonable cause" for late filing under § 6651(a)(1). *See Boyle,* 469 U.S. at 249 n. 8, 105 S.Ct. at 692 n. 8 ("[W]hat elements *must* be present to constitute "reasonable cause" is a question of law.") (emphasis in original). Whether those elements are present in a given case is a question of fact reviewed for clear error. *Id.*

■ Some circumstances that are considered to constitute reasonable cause have been identified. Generally they arise as a result of factors beyond a taxpayer's power to control, for example: (1) unavoidable postal delays; (2) timely filing of a return with the wrong IRS office; (3) death or serious illness of the taxpayer or a member of his immediate family; (4) taxpayer's unavoidable absence from the United States; (5) destruction by casualty of taxpayer's records or place of business; and (6) reliance on the erroneous advice of an IRS officer or employee. *See* Internal Revenue Manual (CCH) § 4562.2 (Feb. 25, 1987). In addition, reliance on a mistaken legal opinion of a competent tax adviser—a lawyer or accountant—that it was unnecessary to file a return constitutes reasonable cause. *See, e.g., Commissioner v. American Ass'n of Eng'rs Employment, Inc.,* 204 F.2d 19, 21 (7th Cir.1953) (mistakenly thought corporation exempt); *Burton Swartz Land Corp. v. Commissioner,* 198 F.2d 558, 560 (5th Cir.1952) (accountant mistakenly advised company that it was *not* a personal holding company for which returns must be filed); *Haywood Lumber & Mining Co. v. Commissioner,* 178 F.2d 769, 771 (2d Cir.1950) (same); *Girard Inv. Co. v. Commissioner,* 122 F.2d 843, 848 (3d Cir.1941) (mistakenly advised no tax return necessary).

As the holding in *Boyle,* 469 U.S. 241, 105 S.Ct. 687, makes evident reliance on an agent for the ministerial task of filing a tax return by the statutory deadline does not constitute reasonable cause. There the executor of an estate was informed by an attorney that filing of a federal tax return was required, although the attorney did not specify the filing deadline. The executor relied entirely on the attorney's advice and cooperated fully with him. As the result of a clerical error in the attorney's office, the filing deadline was missed. The Supreme Court held this scenario did not constitute reasonable cause. *Id.* at 250–51, 105 S.Ct. at 692–93.

The underlying rationale for *Boyle*'s bright-line rule focuses on the need for an unbending standard to ensure the prompt filing and payment of taxes. The duty to file a return and to pay taxes on time is plainly placed upon the taxpayer. Unlike a substantive issue of tax law for which a taxpayer must rely on an expert, the deadline for filing a return is unambiguous and easily ascertainable. It requires no special training or effort to understand. Consequently, the Supreme Court believed it unreasonable for the executor simply to rely on the attorney to comply with the statutory deadline. 469 U.S. at 250–52, 105 S.Ct. at 692–93.

■ Similar reasoning governs the case at hand. Petitioner here had a personal, nondelegable duty to file a timely return by August 15 unless and until he received a second extension. This duty included the timely filing of an application for an extension. *Accord Fleming v. United States,* 648 F.2d 1122, 1126–27 (7th Cir.1981); *Estate of Cox v. United States,* 637 F.Supp. 1112, 1115 (S.D.Fla.1986); *Twin City Constr. Co. of Fargo v. United States,* 515 F.Supp. 767, 770 (D.N.D.1981); *Bergersen v. Commissioner,* 70 T.C.M. (CCH) 568, 1995 WL 510012 (1995); *Est v. Commissioner,* 52 T.C.M. (CCH) 920, 1986 WL 21739 (1986). As the tax court noted below, "[i]t would be anomalous to excuse a late return where the taxpayer asked his agent to file an extension request but not excuse a late return where the taxpayer asked his agent to file a return." We agree that such a result would not only be anomalous, but it would also create a loophole for taxpayers to avoid both the timely filing of tax returns and the otherwise applicable late-filing penalties.

### B. *Reliance on Agent*

■ Taxpayer's reliance on an agent to file the extension form does not fall within the narrow exception, noted by *Boyle,* for reliance on the substantive advice of an ex-

pert. 469 U.S. at 250, 105 S.Ct. at 692. Although at least one court has found "reasonable cause" where the correct deadline was so uncertain that taxpayer was reasonable in relying on a professional opinion to determine the date, *see Sanderling, Inc. v. Commissioner*, 571 F.2d 174, 178–79 (3d Cir. 1978), that is distinguishable from this case. Because McMahan knew about the August 15 deadline and relied on his attorney simply to fill out and mail the application form, he cannot justifiably contend he relied on the substantive advice of a tax expert as reasonable cause for failure to file the extension request. *See Fleming*, 648 F.2d at 1125 ("when a taxpayer knows that a return must be filed, he has a personal, non-delegable duty to see that the return is filed on time, and the negligence or failure of his attorney to prepare and file the return does not constitute reasonable cause for a late-filing and a penalty will be imposed."). Moreover, petitioner knew a second extension is not automatically granted by the IRS and that, absent the granting of such extension, he was responsible for filing his tax return by the August 15 deadline.

McMahan insists that this reasoning contradicts the Treasury regulation's provision allowing delegation of the extension request. *See* 26 C.F.R. § 1.6081–1(b)(1) ("[s]uch application [for an extension] shall be in writing, properly signed by the taxpayer or his duly authorized agent."). He maintains that this regulation allowing a taxpayer to delegate the filing of an extension request differentiates that task from the non-delegable duty to file a tax return. By holding him liable for his agent's failure to file the request, McMahan argues, the tax court is concluding that reliance on an agent is not "ordinary business care"—in direct contradiction to the regulation allowing delegation.

■ Taxpayer's attempt to distinguish the duty to file an extension from the duty to file a return is overstated and unconvincing. We refuse to interpret the regulation permitting a taxpayer to delegate the task of filing the extension request to include exempting that taxpayer from liability for late-filing. *See* 26 C.F.R. § 1.6081–1(b)(4) ("In any case in which a taxpayer is unable, by reason of illness, absence, or other good cause, to sign a request for an extension, any person stand-

ing in close personal or business relationship to the taxpayer may sign the request on his behalf, and shall be considered as a duly authorized agent for this purpose"). Further, McMahan overlooks the fact that taxpayer's agent may, in certain similar circumstances, sign a return on his behalf as well. *See* 26 C.F.R. § 1.6012–1(a)(5) (an agent may file a return on the taxpayer's behalf when the taxpayer is unable to do so by reason of disease, injury, continuous absence from the United States, or for "good cause" as determined by an IRS district director).

McMahan's argument proceeds along the following lines: because he was not required to sign the extension request form, he had no knowledge of his agent's failure to file it timely; and, therefore, it is unfair to hold him liable to a penalty for the extension request's untimely filing. This argument, in effect, boils down to the question of whether taxpayer is somehow entitled to notice prior to the imposition of the § 6651(a)(1) penalty.

There is language referring to notice in some of the § 6651(a)(1) case law. For instance, in *United States v. Kroll*, 547 F.2d 393, 396 (7th Cir.1977), the Seventh Circuit ruled that when taxpayer knows the date of the deadline, "then the failure of his attorney or accountant to present him with the return for his signature before that date must put him on notice that reliance on the attorney or accountant is not an exercise of ordinary business care and prudence." Even if the outcome in *Kroll* could be construed to depend on some sort of constructive notice of the agent's failure, we are persuaded that such notice requirement, if any, does not survive *Boyle*. Plainly, a rule requiring affirmative notice of the agent's failure to file prior to the imposition of a penalty would undermine the incentives for timely filing created by Congress. Further, *Boyle* supports our conclusion that it is not unfair to hold a taxpayer liable for his failure to meet the easily ascertainable deadline required for an extension request—the tax laws themselves provide sufficient notice of the taxpayer's duty, regardless of the taxpayer's filing practices or use of tax agents. The executor in *Boyle* did not know the specific date of the deadline and had no notice of the attorney's failure to present him with a copy of the completed return.

McMahan's attempt to separate filing a timely extension from filing a timely return illustrates the insight of an old adage. By allowing delegation of filing the extension form, the IRS gives taxpayers an inch; but by seeking exemption from liability for the delegated agent's failure to file an extension form, the taxpayer tries to take a mile. Petitioner is not entitled to take that mile. .In the absence of the narrow exceptions noted in *Boyle*, a taxpayer has an affirmative non-delegable duty to ensure that the appropriate forms—whether a tax return or an extension request—are actually filed by the statutory deadline.

Finally, taxpayer avers he should be exempted from the late-filing penalty because attorney Russell represented to him that the extension request had been filed. This defense must fail because the alleged misrepresentations do not relieve the taxpayer of his duty to ensure that his tax return was filed on time. It is a well-settled principle of agency law that a principal who has a non-delegable duty is responsible for his agent's violation of that duty. *See Valen Mfg. Co. v. United States*, 90 F.3d 1190, 1193 (6th Cir.1996) (corporation liable for bookkeeper's failure to file tax returns even though bookkeeper concealed failure). *See also Conklin Bros. of Santa Rosa, Inc. v. United States*, 986 F.2d 315, 318 (9th Cir. 1993) (same); *HGA Cinema Trust v. Commissioner*, 950 F.2d 1357, 1363–64 (7th Cir. 1991) (trust cannot escape § 6651(a)(1) liability on the ground that employee did not follow trustee's directions regarding timely filing of tax return regardless of whether employee deceived trustee into believing return had been filed); *Janice Leather Imports, Ltd. v. United States*, 391 F.Supp. 1235, 1237 (S.D.N.Y.1974) (when minority officer authorized to act for corporation fails to file required returns, corporation subject to penalties).

McMahan may well be able to recover the amount of the penalty he must pay from his attorney through a malpractice action or a claim for breach of fiduciary duty under state law. But, the attorney's alleged misrepresentations and negligence are state law issues to be resolved between the parties, not on the basis of federal tax law by the IRS or by this Court. We do not think the government should bear the cost of a tax preparer's mistake by exempting the taxpayer from the applicable § 6651(a) penalty. Rather, the lesson to be learned in this area of the tax law is that a taxpayer should "trust no agent," William Shakespeare, *Much Ado About Nothing*, Act II, sc. 1, and should trust instead just himself.

### CONCLUSION

In sum, McMahan has not shown he exercised ordinary business care and prudence in the filing of his extension request forms. His reliance on an agent to file an application for a second extension does not exempt him from a late-filing penalty under § 6651(a). To conclude otherwise would render ineffective the bright-line rule of *United States v. Boyle* and thereby unduly burden the administration of our self-reporting tax system.

Affirmed.