T.C. Summary Opinion 2009-192

UNITED STATES TAX COURT

PAUL J. TWARAGOWSKI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19838-08S.                Filed December 15, 2009.

Paul J. Twaragowski, pro se.

<u>John M. Janusz</u>, for respondent.

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

---

[1]  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies in petitioner's Federal income taxes for 2003 and 2004 of $6,895 and $5,734, respectively, and additions to tax under section 6651(a)(1) for failure to timely file a tax return of $771 and $146.80, respectively. Respondent subsequently conceded the addition to tax for failure to timely file for 2004. After additional concessions the issues remaining for decision are:

(1) Whether petitioner is entitled to alimony deductions in excess of the amounts allowed and conceded by respondent for 2003 and 2004. We hold that he is not.

(2) Whether petitioner is entitled to dependency exemption deductions for three children for 2003 and 2004. We hold that he is not.

(3) Whether petitioner is entitled to child tax credits for 2003 and 2004. We hold that he is not.

(4) Whether petitioner is entitled to head of household filing status for 2003 and 2004. We hold that he is not.

(5) Whether petitioner is liable for the addition to tax for failure to timely file for 2003. We hold that he is.

## Background

None of the facts have been stipulated by the parties. Petitioner resided in the State of New York when the petition was filed.

Petitioner and his ex-wife separated in 1996 and divorced in 2005. During the marriage, petitioner and his ex-wife had four children.

Petitioner untimely filed his 2003 Federal income tax return, which respondent received on June 6, 2005. Petitioner timely filed his 2004 Federal income tax return pursuant to an extension.

On the returns for 2003 and 2004 petitioner claimed deductions for alimony of $20,160 and $19,928, respectively, based (in part) on garnishments from petitioner's paychecks. In a notice of deficiency respondent reduced the alimony deductions for 2003 and 2004 to $8,595 and $8,128, respectively. Respondent later conceded that petitioner is entitled to alimony deductions for 2003 and 2004 of $19,365 and $19,600, respectively. At trial petitioner did not provide documentation (or testimony) establishing alimony deductions in excess of the amounts allowed and conceded by respondent.

Petitioner also claimed dependency exemption deductions for three children and child tax credits for one child and elected head of household filing status. At no time during the years in

issue did petitioner's children live with him, nor did he visit them. In the notice of deficiency respondent denied the dependency exemption deductions and the child tax credits and changed petitioner's filing status to married filing separately.

## Discussion

### A. Burden of Proof

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction or credit claimed. Rule 142(a); Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Under section 7491(a)(1), the burden of proof may shift from the taxpayer to the Commissioner if the taxpayer produces credible evidence with respect to any factual issue relevant to ascertaining the taxpayer's liability. Petitioner has not alleged that section 7491 applies, nor did he introduce the requisite evidence to invoke that section; therefore, the burden of proof remains on petitioner.

Section 7491(c) provides that the Commissioner bears the burden of production with respect to an addition to tax. To meet this burden, the Commissioner must introduce evidence indicating

that it is appropriate to impose the relevant addition to tax. Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once the Commissioner meets this burden, the taxpayer bears the burden to produce evidence regarding reasonable cause. Id. at 446-447. Respondent has met his burden.

B. Alimony Deductions

Section 71(a) provides the general rule that the payee spouse must include alimony payments in gross income. Section 215(a) provides the complementary general rule that the payor spouse may deduct alimony payments in "an amount equal to the alimony or separate maintenance payments paid during such individual's taxable year."

Respondent has allowed and conceded that petitioner is entitled to deduct alimony payments for 2003 and 2004 of $19,365 and $19,600, respectively. Petitioner has not provided one iota of evidence establishing that he is entitled to alimony deductions in any greater amounts. Thus, petitioner is not entitled to alimony deductions in excess of the amounts allowed and conceded by respondent for the years in issue.

C. Dependency Exemption Deductions

In general, a taxpayer may claim a dependency exemption deduction for a dependent, such as the taxpayer's child, if the taxpayer provides over one-half of the dependent's support for

the year.  Secs. 151(a), (c)(1), 152(a).  An individual cannot be a dependent of more than one taxpayer.  See sec. 151(d)(2).

In the case of a child of divorced parents, if a child receives over one-half of his support during the year from his parents and is in the custody of one or both parents for more than one-half of the year, then the child shall be treated as receiving over one-half of his support during the year from the parent having custody for a greater portion of the year.[2]  Sec. 152(e)(1).  That parent is referred to as the "custodial parent".  Id.

Although petitioner claimed dependency exemption deductions for three children, during the years in issue the children did not live with him, nor did he visit them.  Rather, the children's mother was the custodial parent.  Petitioner testified that he was required by court order to maintain health coverage for the children and that in order to do so, he was required by his employer to claim the children as dependents on his tax return.  Despite this assertion, petitioner, as the noncustodial parent,

---

[2]  The exceptions to the general rule of sec. 152(e)(1) do not apply to the facts of this case.  For example, sec. 152(e)(2) allows the noncustodial parent to claim the dependency exemption deduction for a child if the custodial parent signs a written declaration, or Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, releasing his or her claim to the deduction and the noncustodial parent attaches the declaration or Form 8332 to his or her tax return.

is not entitled to dependency exemption deductions for the three children for the years in issue.

D.  Child Tax Credit

Section 24(a) allows taxpayers a credit against tax imposed for each qualifying child.  Section 24(c)(1)(A) provides that a "qualifying child" for purposes of section 24 is any individual if "the taxpayer is allowed a deduction under section 151 with respect to such individual for the taxable year".  Because petitioner is not entitled to dependency exemption deductions for either year under section 151, he is not entitled to a child tax credit under section 24.

E.  Head of Household Filing Status

As relevant herein, section 2(b)(1)(A)(i) provides that to qualify for head of household filing status, a taxpayer must maintain as his home a household which constitutes the principal place of abode of an unmarried child for at least 6 months during the year.  Petitioner testified that he filed his returns as a head of household at the behest of his tax preparer.  However, petitioner admitted that in hindsight the head of household filing status was not well founded.[3]  For the years in issue, the children did not live with petitioner but rather with their

---

[3]  Petitioner stated:  "To be quite frank, I have considered the IRS statements against [head of household filing status] and basically feel that I really don't have much standing to maintain that position of head of household status."

mother.  As such, petitioner's home was not the principal place of abode of an unmarried child, and, therefore, he is not entitled to head of household filing status.

F.  Addition to Tax for Failure To File

Section 6651(a)(1) imposes an addition to tax for failure to file a return by its due date.  The addition equals 5 percent for each month or fraction thereof that the return is late, not to exceed 25 percent.  Sec. 6651(a)(1).

In the absence of an extension, the last date for petitioner to have timely filed his Federal income tax return for 2003 was Thursday, April 15, 2004.  Sec. 6072(a).  Petitioner's 2003 Federal income tax return was not received, however, until June 6, 2005.

"A failure to file a tax return on the date prescribed leads to a mandatory penalty unless the taxpayer shows that such failure was due to reasonable cause and not due to willful neglect."  McMahan v. Commissioner, 114 F.3d 366, 368 (2d Cir. 1997), affg. T.C. Memo. 1995-547.  A showing of reasonable cause requires a taxpayer to show that he exercised "ordinary business care and prudence" but was nevertheless unable to file the return within the prescribed time.  United States v. Boyle, 469 U.S. 241, 246 (1985); sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

Petitioner testified that the 2003 return was untimely because there was the possibility that he and his then wife would

file a joint return, even though they were separated and had been since 1996. When it became clear to petitioner that a joint return would not be possible, he filed a return, albeit untimely.

Although a joint return may have been petitioner's preference, after 7 years of separation this is not a sufficient ground for delay. Thus, on the basis of the record before us, petitioner has not demonstrated that his failure to timely file his 2003 Federal income tax return was due to reasonable cause and not willful neglect. See sec. 301.6651-1(c), Proced. & Admin. Regs. Therefore, petitioner is liable for the addition to tax under section 6651(a)(1) for 2003.

## Conclusion

We have considered all of the arguments made by petitioner, and, to the extent that we have not specifically addressed them, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered

under Rule 155.