T.C. Summary Opinion 2010-18


UNITED STATES TAX COURT


KEN RYAN, INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 28897-08S.              Filed February 23, 2010.


<u>Jennifer A. Gellner</u>, for petitioner.

<u>Robert V. Boeshaar</u>, for respondent.


KROUPA, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court,

---

[1]All section references are to the Internal Revenue Code (Code), and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

and this opinion shall not be treated as precedent for any other case.

This collection review matter is before the Court in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 pertaining to a $3,463[2] failure to deposit payroll taxes penalty under section 6656(a) and a $5 failure to pay payroll taxes penalty assessed against petitioner for the quarter ending on December 31, 2006 (quarter at issue). We must determine whether petitioner is liable for those penalties. We hold that it is not.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and their accompanying exhibits are incorporated by this reference. Petitioner's principal place of business was Alaska at the time it filed the petition.

Petitioner Ken Ryan, Inc. (KRI) is an S corporation providing online language training. KRI is solely owned and operated by Ken Ryan (Mr. Ryan). Mr. Ryan maintained the company's financial records and controlled its corporate accounts in 2006. KRI relied on Barry Fowler (Mr. Fowler), a certified public accountant, to provide tax services and perform payroll preparation services. KRI and Mr. Ryan had worked with Mr.

---

[2]All amounts are rounded to the nearest dollar.

Fowler for many years, and Mr. Fowler was familiar with KRI's operations and payroll history.

KRI made semi-weekly Federal payroll tax deposits before 2006. Most of KRI's payroll tax deposits were for Mr. Ryan, KRI's only full-time employee. Mr. Ryan determined that he had accumulated sufficient funds for his living expenses and did not require regular paychecks throughout the year. Mr. Ryan consulted with Mr. Fowler to determine whether KRI could issue him an annual paycheck at the end of the year to eliminate the expense of processing unnecessary payrolls.

Mr. Fowler researched whether an annual paycheck is allowed. He specifically looked at the tax payroll preparation tables in Internal Revenue Service (IRS) Publication 15 (Circular E), Employer's Tax Guide, and he found no language prohibiting the use of an annual payroll. Mr. Fowler concluded that KRI could use an annual payroll. Mr. Fowler's only cautionary note was that Mr. Ryan needed to receive a reasonable salary from KRI. Mr. Fowler advised Mr. Ryan that during the year he could transfer cash from the KRI corporate account (KRI account) into Mr. Ryan's individual investment account (individual account) as an advance payment for his services. Mr. Fowler advised KRI that the transfer of funds would not constitute wages at the time of transfer provided Mr. Ryan was obligated to repay the advances.

KRI therefore did not need to deposit employment taxes until the end of the year.

Mr. Ryan followed Mr. Fowler's advice. Mr. Ryan transferred funds totaling $176,000 from the KRI account to his individual account at various times throughout 2006. Mr. Ryan performed services for KRI and satisfied his repayment obligation with an accounting done at the end of 2006. KRI credited the advances made to Mr. Ryan with the compensation due to Mr. Ryan for his services, resulting in a net payment of zero. KRI filed a Form 941, Employer's Quarterly Federal Tax Return, for the quarter at issue, reporting employment taxes of $72 for October, $145 for November, and $80,948 for December.

Respondent selected KRI's Form 941 for the quarter at issue for audit. Respondent requested additional information regarding how and when payrolls were made during the quarter at issue. KRI provided respondent with no documentation as to specific dates when funds were transferred from KRI to Mr. Ryan. Respondent determined that KRI failed to deposit and failed to pay payroll taxes on transfers from KRI's account to Mr. Ryan's individual account during the quarter at issue. KRI subsequently made the required deposits, but respondent assessed the failure to deposit and failure to pay penalties against KRI that are at issue. Mr. Fowler requested a collection due process (CDP) hearing on behalf of KRI.

Mr. Fowler failed to answer his phone for the scheduled telephone CDP hearing with Appeals officer Linda Cochran (AO Cochran) because of a misunderstanding as to the time zone in which the telephone hearing would occur. Mr. Fowler and AO Cochran eventually discussed the case. AO Cochran reviewed the materials Mr. Fowler submitted to AO Cochran to explain why no penalties should apply and determined not to abate either penalty. KRI timely filed a petition contesting AO Cochran's determination not to abate the payroll tax penalty assessments.

## Discussion

We are asked to decide whether petitioner with only one employee is liable for failure to deposit and failure to pay payroll taxes in this collection review matter. The Court in collection review matters will review an Appeals office determination de novo where the underlying tax liability is at issue. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). A taxpayer's underlying tax liability may be at issue if he or she did not receive a deficiency notice for such tax liability or did not otherwise have an opportunity to dispute such tax liability. Sec. 6330(c)(2)(B). Respondent concedes that KRI has not had the opportunity to challenge the tax liability. Thus, the Court will review de novo AO Cochran's determination that KRI is liable for the payroll tax penalties.

Failure to deposit and failure to pay penalties do not apply if a taxpayer can show that the failure was due to reasonable cause and not willful neglect. Sec. 6656(a); Charlotte's Office Boutique, Inc. v. Commissioner, 121 T.C. 89, 109 (2003), affd. 425 F.3d 1203 (9th Cir. 2005). A taxpayer establishes reasonable cause by showing that ordinary care and prudence were exercised. See sec. 301.6651-1(c)(1) and (2), Proced. & Admin. Regs. The failure to timely deposit is due to willful neglect if it resulted from a conscious decision or from reckless indifference. See United States v. Boyle, 469 U.S. 241, 245 (1985). The taxpayer has the burden of proving reasonable cause and the absence of willful neglect. Rule 142(a); Higbee v. Commissioner, 116 T.C. 438, 447 (2001).

Petitioner contends that the failure to deposit and failure to pay penalties should be abated because it acted with reasonable cause and not willful neglect in reliance upon the advice of Mr. Fowler. A taxpayer's reliance on a tax advisor's guidance regarding substantive legal issues may constitute reasonable cause even when such advice may be mistaken. See United States v. Boyle, supra at 250-251; McMahan v. Commissioner, 114 F.3d 366 (2d Cir. 1997), affg. T.C. Memo. 1995-547. The tax advisor must be competent on the specific matter, and the taxpayer must supply that advisor with all relevant information. See Lehrer v. Commissioner, T.C. Memo. 2006-156. A

taxpayer generally must prove each of these elements to show his or her reliance on a professional tax advisor was reasonable. Bowen v. Commissioner, T.C. Memo. 2001-47. We now analyze the facts and circumstances to determine whether KRI's reliance constituted reasonable cause.

Mr. Ryan is KRI's only full-time employee. Mr. Ryan does not have a background in finance or tax, and he is not an attorney. KRI showed that it provided Mr. Fowler necessary and accurate information to render tax advice. Mr. Fowler had advised KRI and Mr. Ryan for many years and was familiar with KRI's operations and payroll history. Mr. Fowler performed research on the permissibility of annual payroll and employment tax. Mr. Fowler advised KRI that it could have an annual payroll. Mr. Fowler also told KRI that the transfer of funds from the KRI account to Mr. Ryan's individual account did not constitute wages at the time of transfer provided Mr. Ryan had an obligation to repay the advance. KRI and Mr. Ryan followed Mr. Fowler's guidance from the time the legal question arose and through the IRS administrative process. We agree with KRI that it was not required to seek a second opinion in this situation. See United States v. Boyle, supra at 251.

Respondent argues that it was unreasonable for KRI to rely on Mr. Fowler's advice because Mr. Fowler did not base his opinion on any specific Code provision and indeed the advice was

wrong.  KRI may have been ill advised.  That is not the standard for a reasonable cause determination, however.  We find that KRI exercised the requisite ordinary business care and prudence in seeking the advice of Mr. Fowler even if his advice was wrong. Taking into consideration the complexity of the issue and all the facts and circumstances, we find that KRI acted with reasonable cause and not willful neglect when it relied on the advice of Mr. Fowler.  Accordingly, we do not sustain AO Cochran's determination regarding the payroll tax penalties.

We have considered all arguments made in reaching our decision, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for petitioner</u>.