T.C. Memo. 2014-198

UNITED STATES TAX COURT

CHARLES PAUL LE BEAU, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9312-11.                          Filed September 30, 2014.

Charles Paul Le Beau, pro se.

Jeffrey A. Schlei, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, Judge:  For several years petitioner Charles Paul Le Beau has

failed to timely file his Federal income tax returns.  Before the Court are

petitioner's returns for 2002 through 2007.  With the exception of the 2007 return,

all of the returns were filed long after they were due.

**[\*2]** In each return petitioner admitted that he did not have records but estimated the amounts set forth on the return. In a notice of deficiency, respondent disallowed a number of business expense deductions and other claimed deductions and determined deficiencies for 2002 through 2007 and determined additions to tax and penalties for 2002 through 2006. The issues for decision are:

(1) whether petitioner is entitled to certain deductions claimed on Schedule A, Itemized Deductions, and Schedule C, Profit or Loss From Business, for each year at issue greater than those allowed by the respondent in the notice of deficiency. We hold he is to a limited extent;

(2) whether petitioner is liable for the additions to tax, pursuant to section 6651(a)(1),[1] for the years 2002, 2003, 2004, 2005, and 2006. We hold he is; and

(3) whether petitioner is liable for accuracy-related penalties, pursuant to section 6662(a), for the years 2002, 2003, 2004, 2005, and 2006. We hold he is.

### FINDINGS OF FACT

Petitioner resided in California when he filed his petition. Petitioner did not file his income tax returns for 2002 through 2006 until 2008. Petitioner filed his 2007 Federal income tax return in April 2008.

---

[1]Unless otherwise indicated all section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[*3]**   Petitioner's income tax returns for the years at issue state: "Taxpayer has lost records and has estimated amounts reported on tax return.  Taxpayer believes they [sic] have estimated within plus or minus 5% or 10%."

Petitioner operated a law practice and another business during portions of the years at issue.  Respondent accepts as reported his income from the businesses but disputes some of the expenses.  Petitioner has presented no evidence concerning the contested wage and contract labor expense deductions.

For both 2003 and 2004 petitioner paid office rental expenses of $12,600.  Petitioner claimed that he used his automobile 100% for business, and he deducted related expenses accordingly.  However, he has failed to substantiate this use.

Approximately 80% of petitioner's medical expenses during the years at issue were covered by insurance and the record does not contain sufficient evidence to establish how many unreimbursed medical expenses fell upon petitioner.

By agreement of the parties, certain income and deduction items originally attributed to petitioner's spouse, Victoria Joy Le Beau, in a notice of deficiency issued to Mrs. Le Beau, will instead be attributed to petitioner.  We specifically find that the revised annual itemized real estate tax deductions resulting from this

[*4] agreement are to be no less than $6,578 for the years in issue upon the basis of the record of trial.

Before the years at issue petitioner built a pool at his personal residence and claimed medical expense deductions related to the building of the pool and the pool maintenance. Petitioner was advised to lose weight, and he testified the pool assisted his weight loss. The pool maintenance expense was $1,440 annually for the years at issue; the record does not establish the capital cost of the pool.

Petitioner has attached to his brief numerous documents that were not made part of the record at trial. Petitioner has not filed any motions to reopen the record to allow additional documentation that was not presented at trial. These documents are not evidence. See Rule 143(c).

OPINION

On the returns for the years at issue, petitioner claimed various deductions on Schedule A and a number of business expense deductions on Schedule C. In the notice of deficiency respondent disallowed some of the deductions because petitioner failed to substantiate the related items. Petitioner's lack of attention to maintaining appropriate records and timely filing his tax returns is the core issue of this case.

**[\*5]** As we have often recognized, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he is entitled to any deduction claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). This includes the burden of substantiation. Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976). Taxpayers must maintain books and records sufficient to substantiate the amounts of items for which they claim deductions. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.

Petitioner, by his own admission, estimated all of the deductions stated on his tax returns, asserting that he lost his records. In an attempt to meet his burden of substantiation, petitioner has presented documents relating to various medical and business expenses. We will not consider additional documents petitioner attached to his posttrial brief as we explained at trial that documents submitted posttrial would not be admitted.

A. Medical Expense Deductions

The medical records do not support petitioner's argument that he should be allowed the medical expense deductions that respondent disallowed. The records show only the costs he paid and do not reflect any reimbursement or insurance

**[*6]** payments that may have offset the expenses. Petitioner concedes that his insurance paid most of his medical expenses.

At trial the Court instructed petitioner to provide spreadsheets that would specifically tie the amounts of the deductions petitioner claimed to the documents included in the record. Petitioner has failed to do this, and the Court simply cannot find a basis to hold that petitioner is entitled to deduct any of the additional expenses reflected in the documents.

Petitioner also claimed medical expense deductions for costs he paid to build and maintain a pool that he claims to have used for therapeutic purposes. A stipulated document indicates the pool was built in 2001, but the only evidence petitioner has presented to support the medical purpose for the expense is his testimony that doctors told him to lose weight.

Section 213 provides a deduction for medical care expenses, not compensated by insurance, that exceed 7.5% of the taxpayer's adjusted gross income. "Medical care" expenses are defined as amounts paid "for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body". Sec. 213(d)(1) (A). An expenditure for medical care is deductible if it is strictly confined to expenses incurred primarily

**[*7]** for the prevention or alleviation of a physical or mental defect or illness. Sec. 1.213-1(e)(1)(ii), Income Tax Regs.

In some circumstances, a taxpayer may deduct a capital expenditure as a medical expense in the year of payment, but only to the extent the expenditure exceeded the increase in value of the underlying property resulting from the expenditure. Cherry v. Commissioner, T.C. Memo. 1983-470; Polacsek v. Commissioner, T.C. Memo. 1981-569; sec. 1.213-1(e)(1)(iii), Income Tax Regs. Petitioner has not presented evidence concerning when he paid for the pool and whether the expenditure exceeded the resulting increase in property value. Accordingly, petitioner is not entitled to the deduction.

Petitioner has also failed to carry the burden of proving the pool was primarily for the treatment of medical ailments. Accordingly, he may not deduct as medical expenses the amounts he paid for pool maintenance, and these expenses would not exceed the 7.5% deductibility threshold in any event.

B. Allowable Deductions

Petitioner has established that in 2003 and 2004 he paid rental expenses in connection with his business. These expenses are deductible for those years, but all other Schedule C business expenses for which respondent has disallowed deductions are not deductible because they have not been substantiated. Likewise,

**[*8]** we found petitioner paid real estate tax in excess of the amounts respondent determined for 2003 and 2004.  This is the only adjustment we find to respondent's Schedule A adjustments.

C.  Penalties for Failure To Timely File

Section 6651(a)(1) imposes an addition to tax for failure to file a timely return.  This addition to tax is equal to 5% of the amount of tax required to be shown on the return for each month the return is not filed, not to exceed 25% in the aggregate.

To avoid this addition to tax, the taxpayer must prove that his failure to file was:  (1) due to reasonable cause, and (2) not due to willful neglect.  Sec. 6651(a)(1); United States v. Boyle, 469 U.S. 241, 245 (1985); Church of Scientology v. Commissioner, 823 F.2d 1310, 1321 (9th Cir. 1987), aff'g 83 T.C. 381 (1984).  "A failure to file a tax return on the date prescribed leads to a mandatory penalty unless the taxpayer shows that such failure was due to reasonable cause and not due to willful neglect."  McMahan v. Commissioner, 114 F.3d 366, 368 (2d Cir. 1997), aff'g T.C. Memo. 1995-547.

Reasonable cause under section 6651 means the exercise of ordinary business care and prudence.  Walter v. Commissioner, 753 F.2d 35, 40 (6th Cir. 1985), aff'g T.C. Memo. 1983-202; sec. 301.6651-1(c)(1), Proced. & Admin.

**[*9]** Regs. Willful neglect is defined as a conscious, intentional failure or reckless indifference. <u>Boyle</u>, 469 U.S. at 245. A failure to timely file a Federal income tax return is due to reasonable cause if the taxpayer exercised ordinary business care and prudence and, nevertheless, was unable to file the return within the prescribed time. Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

Taxpayers have the burden of proving that the failure to file is due to reasonable cause and not willful neglect. Rule 142(a); <u>Cluck v. Commissioner</u>, 105 T.C. 324, 339 (1995); <u>Baldwin v. Commissioner</u>, 84 T.C. 859, 870 (1985); <u>Davis v. Commissioner</u>, 81 T.C. 806, 820 (1983), <u>aff'd without published opinion</u>, 767 F.2d 931 (9th Cir. 1985).

Petitioner has produced no evidence to show that his failure to timely file his returns was due to reasonable cause and not willful neglect. Accordingly, the addition to tax is sustained for each of the years 2002-06.

D. <u>Accuracy-Related Penalties</u>

Respondent determined that an accuracy-related penalty under section 6662(a) should be imposed for each of the years 2002-06. Section 6662(a) and (b)(1) imposes a penalty equal to 20% of the amount of any underpayment attributable to negligence or disregard of rules or regulations. The term "negligence" includes any failure to make a reasonable attempt to comply with tax

**[*10]** laws, and "disregard" includes any careless, reckless, or intentional disregard of rules or regulations. Sec. 6662(c).

Negligence also includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly. Negligence is strongly indicated where a taxpayer fails to make a reasonable attempt to ascertain the correctness of a deduction on a return which would seem to a reasonable and prudent person to be too good to be true under the circumstances. Sec. 1.6662-3(b)(1), Income Tax Regs.

Section 6664(c)(1) provides an exception to the imposition of the accuracy-related penalty if the taxpayer establishes that there was reasonable cause for the underpayment and that the taxpayer acted in good faith with respect to the underpayment. Sec. 1.6664-4(a), Income Tax Regs. The determination of whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account the pertinent facts and circumstances. Sec. 1.6664-4(b) (1), Income Tax Reg. Once the Commissioner presents a prima facie case that the penalty should apply, the taxpayer bears the burden of proving that he or she acted with reasonable cause. Higbee v. Commissioner, 116 T.C. 438, 446-449 (2001).

**[\*11]** The imposition of the accuracy-related penalty is appropriate because petitioner has claimed deductions that he himself admits are estimates. Because petitioner did not keep adequate books and records and failed to substantiate items underlying the claimed deductions, we find that his underpayments resulted from negligence and sustain the accuracy-related penalty against him. His blanket claim that the records for all the years at issue were lost is simply not credible.

In conclusion, with the exception of the deductions allowed herein respondent's deficiency determinations are sustained as well as the determined additions to tax and penalties.

In reaching our holdings herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.