T.C. Memo. 2017-227

UNITED STATES TAX COURT

UDAY N. PAREKH AND AMITA PAREKH, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21764-15.                    Filed November 16, 2017.

<u>Anthony W. Dohring</u>, for petitioners.

<u>Jayne Michele Wessels</u>, <u>Brian E. Salisbury</u>, and <u>Jason M. Kuratnick</u>, for

respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LAUBER, <u>Judge</u>:  With respect to petitioners' Federal income tax for 2012,

the Internal Revenue Service (IRS or respondent) determined a deficiency of

**[*2]** $8,078 and an addition to tax of $1,666 under section 6651(a)(1).[1] Petitioners have conceded the deficiency and have stipulated that they filed their 2012 return 15 months late. The issue remaining for decision is whether they have established, as a defense to the addition to tax, that their delinquency was "due to reasonable cause and not due to willful neglect." See sec. 6651(a)(1). We conclude that they have not made this showing.

FINDINGS OF FACT

Some facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated by this reference. Petitioners resided in Pennsylvania when they filed their timely petition.

Petitioners' Federal income tax return for 2012 was due for filing on April 15, 2013. They did not seek an extension of time to file that return. They filed it 15 months late, on July 17, 2014.

Petitioners were likewise delinquent in filing their Federal income tax returns for 2009, 2010, and 2011. They filed a return for 2009 only after the IRS had made inquiries about their failure to file and had prepared a substitute for

---

[1]All statutory references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

[*3] return for them.  See sec. 6020(b).  They filed their 2013 return more than two years late, again after the IRS had made inquiries about their failure to file.

The IRS selected petitioners' 2012 return for examination.  It determined that they had neglected to include with their return Form 6251, Alternative Minimum Tax--Individuals, and had failed to report an alternative minimum tax (AMT) liability of $8,078.  On May 26, 2015, the IRS mailed them a notice of deficiency determining a deficiency of $8,078 and an addition to tax of $1,666 for late filing.  See sec. 6651(a)(1).

Petitioners timely petitioned this Court for redetermination of the deficiency.  The only error assigned in their petition was that they "ha[d] not been credited properly for the taxes already paid in 2012."  The petition did not assign error to the IRS' determination of the late-filing addition to tax.

In subsequent discussions with the IRS Appeals Office petitioners were satisfied that all withholding taxes had been properly credited to their 2012 account.  During these discussions petitioners requested that the addition to tax for late filing be abated.  The Appeals officer declined this request, finding no reasonable cause for the late filing.  The Appeals officer noted that petitioners had also been delinquent in filing their 2009-2011 returns and that, as of December 28, 2015, they had not filed a return for 2013 or 2014 either.

[*4]    This case was initially set for trial in September 2016 but was continued at petitioners' request.  In a status report filed on November 2, 2016, petitioners conceded liability for AMT of $8,078 but sought abatement of the late-filing addition to tax.  As the justification for this request they stated that they normally received refunds from the IRS and would have received a refund for 2012 but for the AMT liability, which was generated by their unusually high income that year.  Their income was unusually high, they stated, because petitioner husband had changed jobs and had begun receiving retirement distributions from his former employer.  Alleging these facts, petitioner husband urged that abatement was justified for the following reason:

> I figured, reasonably so I thought, that since I'd be getting a refund it was OK to file late * * * .  In fact, I had considered the de facto deadline for filing to be three years if one is getting a refund since after that the refund is forfeited.  As I take a quick look at some tax advice websites this is pretty much what they say.  For example: "if they owe you a refund, the IRS really doesn't care when you file.  In fact, you have three years to file and still get your money."

At trial petitioners offered a different justification for their late filing.  Petitioner husband testified that his new job, in Tulsa, Oklahoma, entailed significant travel and that his mother, who lived in India, became ill with pneumonia and other ailments during 2013 and 2014.  This allegedly required him to make six or more trips to India to help his father care for her.  He testified that owing to his

**[*5]** burdensome travel schedule and numerous trips abroad he was unable to complete the couple's 2012 joint return timely.

Petitioner wife testified that she collected all IRS forms and other documents relevant to tax return preparation and put them in a folder for her husband. She acknowledged that she did not accompany him on business travel or on most of his trips to India. But she testified that she had no knowledge about taxes, that she relied on her husband to prepare their tax returns, and that she was unable to prepare their 2012 return on her own.

## OPINION

Section 6651(a)(1) provides for an addition to tax of 5% of the tax required to be shown on the return for each month or fraction thereof for which there is a failure to file the return, not to exceed 25% in toto. Respondent has the burden of production with respect to the addition to tax. See sec. 7491(c); Close v. Commissioner, T.C. Memo. 2014-25, 107 T.C.M. (CCH) 1124, 1133. Petitioners were required to file a return for 2012 and have conceded that they filed their 2012 return 15 months late. Accordingly, respondent has carried his burden of production. See Higbee v. Commissioner, 116 T.C. 438, 447 (2001).[2]

---

[2]Petitioners in their petition did not assign error to respondent's determination of the late-filing addition to tax, and we might regard this issue as having

(continued...)

**[\*6]** The addition to tax does not apply if the taxpayer establishes that the delinquency was "due to reasonable cause and not due to willful neglect." Sec. 6651(a)(1). "If the taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time, then the delay is due to a reasonable cause." Sec. 301.6651-1(c), Proced. & Admin. Regs.; see Crocker v. Commissioner, 92 T.C. 899, 913 (1989). Circumstances that may constitute "reasonable cause" include (among other things) unavoidable postal delays, the timely filing of a return with the wrong IRS office, the death or serious illness of a taxpayer or a member of his immediate family, a taxpayer's unavoidable absence from the United States, or reliance on erroneous advice from a competent tax adviser or IRS officer. See Marrin v. Commissioner, 147 F.3d 147, 152 (2d Cir. 1998), aff'g T.C. Memo. 1997-24; McMahan v. Commissioner, 114 F.3d 366, 369 (2d Cir. 1997), aff'g T.C. Memo. 1995-547.

We conclude that petitioners have not shown "reasonable cause" for late filing. In their November 2016 status report they informed respondent and the

---

[2](...continued)
been waived for that reason. See Rule 34(b)(4); Toyota Town, Inc. v. Commissioner, T.C. Memo. 2000-40, aff'd sub nom. Bob Wondries Motors, Inc. v. Commissioner, 268 F.3d 1156 (9th Cir. 2001). Because petitioners vigorously pressed this issue (without objection by respondent) in subsequent filings with the Court, and because it was the sole subject of the trial, we will address it on the merits. See Rule 41(b).

**[\*7]** Court that they had filed their 2012 return late because they regarded the filing deadline as essentially irrelevant for a taxpayer who expects a refund. Needless to say, there is no legal basis for this position. In taking this position after "a quick look at some tax advice websites," petitioners did not exercise "ordinary business care and prudence." See sec. 301.6651-1(c), Proced. & Admin. Regs.

After retaining an attorney, petitioners at trial offered a different justification for their late filing, predicated on petitioner husband's alleged travel and family obligations during 2013 and 2014. But if these obligations were as overwhelming as he depicted them to be, it is surprising that petitioners made no mention of them in their November 2016 status report. That report set forth their position on this issue at some length.

Petitioners' filing history further undercuts their trial testimony. Their 2009, 2010, and 2011 returns were also filed late. The problems to which petitioner husband testified at trial did not exist during 2009-2012. This suggests that the explanation for petitioners' delinquency for all four years is the same: their belief, as stated in their November 2016 status report, that the filing deadline did not matter because they were expecting a refund.

[*8]   Petitioners' 2012 tax return was not complicated:  It reported wages, interest, dividends, a pension distribution, two items of capital gain, and itemized deductions.  All of the income items and several of the deduction items (such as home mortgage interest) were reported to them by third parties.  At trial petitioner husband did not dispute that a return such as this could be prepared in a day or two.

Even if we were to credit petitioner husband's testimony about his heavy travel schedule, it is inconceivable that he could not have found two days in which to fulfill petitioners' filing obligation, as opposed to filing that return 15 months late.  His response at trial--that "he didn't think his tax return was something he had to do that very minute"--suggests that he did not take petitioners' timely filing obligation seriously.  If petitioners truly intended to satisfy that obligation but were incommoded by problems suddenly arising in spring 2013 they could have requested an automatic six-month extension of time to file, as they eventually did for their 2014 taxable year.  See sec. 6081.  Their failure to request such an extension suggests, once again, that the real reason they filed late was their belief that the filing deadline did not matter because they were expecting a refund.

In sum, we conclude that petitioners did not exercise ordinary business care and prudence and that they have not established reasonable cause for failing to file

**[*9]** their 2012 tax return timely.  They are therefore liable for the addition to tax imposed by section 6651(a)(1), the amount of which they do not dispute.

To implement the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.