# United States Tax Court

T.C. Summary Opinion 2022-14

MATTHEW C. ELSTEIN,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————————

Docket No. 18272-17S.                    Filed July 28, 2022.

————————

Matthew C. Elstein, pro se.

*Michael T. Garrett*, for respondent.

## SUMMARY OPINION

PANUTHOS, *Special Trial Judge*: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1] Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated May 24, 2017, respondent determined deficiencies in and additions and penalties in relation to petitioner's federal income tax for years 2011, 2012, and 2013 as follows:

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and all regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times.

| Year | Deficiency | I.R.C. § 6651(a)(1) | I.R.C. § 6662 |
|------|-----------|--------------------|---------------|
| 2011 | $10,575 | $2,420.14 | $2,115.00 |
| 2012 | 15,753 | 1,739.33 | 3,150.60 |
| 2013 | 14,572 | 1,618.94 | 2,914.40 |

After concessions,[2] the issue for decision is whether petitioner is liable for any additions to tax under section 6651(a)(1).

## *Background*

While a stipulation of facts was not agreed to, respondent offered proposed exhibits to which petitioner did not object. These exhibits include copies of the petitioner's tax returns for years 2011, 2012, and 2013; respondent's certified account transcripts for 2011, 2012, and 2013; and a notice of deficiency. The record consists of the above-mentioned exhibits and petitioner's testimony.

Petitioner resided in California when the Petition was timely filed.

During 2011, 2012, and 2013 petitioner was a partner at the law firm of Gordon & Rees LLP. Petitioner continued to practice law until leaving the firm in 2015. In 2019 petitioner was found by the California Bar to have an illness requiring him to be placed on involuntary inactive status.[3]

---

[2] Petitioner conceded the self-employed health insurance deductions for 2011 and 2012; alimony deductions for 2011, 2012, and 2013; medical and dental expense deductions claimed on Schedule A, Itemized Deductions, for 2011, 2012, and 2013; and Schedule A miscellaneous deductions for 2011, 2012, and 2013. Respondent conceded that petitioner is not liable for the section 6662(a) accuracy-related penalties. As a result of the mutual concessions, all issues relating to the deficiencies and penalties have been resolved.

[3] The Court held a conference call with the parties after trial to discuss new information regarding petitioner's criminal plea agreement in *United States v. Elstein*, No. 2:21-CR-00494-MCS (C.D. Cal. filed Oct. 20, 2021). The Court informed the parties it was considering taking judicial notice of this information under Federal Rule of Evidence 201(c)(1). Petitioner asserted he had additional information and documents regarding his withdrawal from the California Bar that supported his position that the circumstances of the criminal plea agreement were unrelated. The Court suggested

In 2012 petitioner timely requested an extension to file his 2011 Form 1040, U.S. Individual Income Tax Return. The extension expired October 15, 2012. On February 13, 2013, he filed a joint federal income tax return for 2011.

In 2013 petitioner timely requested an extension to file his 2012 Form 1040. That extension expired October 15, 2013. On December 4, 2013, he filed a joint federal income tax return for 2012.

In 2014 petitioner timely requested an extension to file his 2013 Form 1040. The extension expired October 15, 2014. On November 19, 2014, he filed a joint federal income tax return for 2013.

*Discussion*

Section 6651(a)(1) imposes an addition to tax for failure to file a return timely unless it is shown that such failure was due to reasonable cause and not due to willful neglect. *See United States v. Boyle*, 469 U.S. 241, 245 (1985). A failure to file a federal income tax return timely is due to reasonable cause if the taxpayer exercised ordinary business care and prudence but nevertheless was unable to file the return within the prescribed time, typically for reasons outside the taxpayer's control. *See McMahan v. Commissioner*, 114 F.3d 366, 368–69 (2d Cir. 1997), *aff'g* T.C. Memo. 1995-547; Treas. Reg. § 301.6651-1(c)(1). This Court has held that the illness of a taxpayer may be reasonable cause for late filing if the taxpayer demonstrates that he or she could not file a timely return because of the illness. *E.g.*, *Williams v. Commissioner*, 16 T.C. 893, 906 (1951); *Tabbi v. Commissioner*, T.C. Memo. 1995-463; *Harris v. Commissioner*, T.C. Memo. 1969-49; *Hayes v. Commissioner*, T.C. Memo. 1967-80.

The Commissioner bears the burden of production with respect to an individual taxpayer's liability for additions to tax. *See* § 7491(c); *Higbee v. Commissioner*, 116 T.C. 438, 446–47 (2001). Once the Commissioner carries the burden of production, the taxpayer must come

---

that petitioner provide the additional information and documentation to respondent and if agreeable, the parties should a file a stipulation of facts. The Court informed the parties that it would be inclined to reopen the record in this matter if the parties submitted a stipulation of facts with the attached documents.

In a status report filed April 13, 2022, respondent indicated that petitioner advised that he had not yet received the requested information. Given these circumstances and to avoid further delay, the Court has proceeded with the opinion in this matter.

forward with persuasive evidence that the Commissioner's determination is incorrect or that the taxpayer has an affirmative defense. *See Higbee*, 116 T.C. at 447.

The record clearly reflects that the tax returns for the years in issue were filed after the extended due dates. Thus, respondent has satisfied his burden of production.

Petitioner contends that his illness made it difficult to complete tasks in a timely manner, whether managing his law practice or tending to personal affairs. Although we are sympathetic, petitioner failed to introduce[4] any evidence into the record showing that his illness determined in 2019 could be reasonable cause for filing his 2011, 2012, and 2013 returns late. Accordingly, we will sustain respondent's imposition of the additions to tax under section 6651(a)(1) for 2011, 2012, and 2013.

We have considered all of petitioner's arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

*Decision will be entered for petitioner with the respect to the section 6662(a) accuracy-related penalties and for respondent with respect to the deficiencies and the section 6651(a)(1) additions to tax.*

---

[4] When asked on cross examination regarding the circumstances of his involuntary inactive status, petitioner declined to provide further details.