T.C. Summary Opinion 2010-102

UNITED STATES TAX COURT

WILLIE J. AND THELMA L. MOORE, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17670-09S.                    Filed July 28, 2010.

Willie J. and Thelma L. Moore, pro sese.

Adam P. Sweet, for respondent.

ARMEN, Special Trial Judge:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect when the petition was filed.[1]  Pursuant to section
7463(b), the decision to be entered is not reviewable by any

---

[1]  Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code in effect for the
year in issue, and all Rule references are to the Tax Court Rules
of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioners' 2004 Federal income tax of $11,299.99, an addition to tax of $2,063.55 under section 6651(a)(1) for failure to timely file a tax return, and an accuracy-related penalty of $2,260 under section 6662(a).

After concessions by both parties, the issues remaining for decision are:

(1) Whether petitioners are entitled to deductions for car and truck expenses claimed on two Schedules C, Profit or Loss From Business;

(2) whether petitioners are liable for the addition to tax for failure to timely file a tax return; and

(3) whether petitioners are liable for the accuracy-related penalty for negligence or disregard of rules or regulations.

## Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and accompanying exhibits. Petitioners resided in Texas when the petition was filed. All references to petitioner in the singular are to petitioner Willie J. Moore.

During 2004 petitioner worked full time for the City of Houston, Texas, as a computer analyst. In addition to his full-time employment petitioner worked as a real estate broker and

mortgage broker.  Petitioner had two offices from which he transacted his real estate and mortgage businesses:  One located in La Marque, Texas, southeast of Houston (the La Marque office); and one located in Houston, 2 miles from his City of Houston job (the Houston office).  Although petitioner was both a real estate broker and a mortgage broker, he focused mainly on the real estate business while petitioner Thelma L. Moore (Mrs. Moore) conducted most of the work associated with the mortgage business.

At trial, petitioner described his typical weekday as follows:  He would leave his home in League City, Texas, in the morning and drive to the La Marque office, where he would turn on the computer and copier.  Mrs. Moore would arrive at the La Marque office 1 or 2 hours later.[2]  After he left the La Marque office he would drive to the Houston office, where he would also turn on the computer and copier.  He would then drive to his City of Houston job where he worked Monday through Friday from 8 a.m. until 5 p.m.  After his City of Houston workday, he would reverse the trip from Houston to La Marque (where he presumably turned off the computer and copier), but also drive through subdivisions looking for homes that were "for sale by owner" before finally arriving home in League City late in the evening.

---

[2]  Petitioner did not explain why Mrs. Moore was unable to turn on the computer and copier.  La Marque is southeast of League City, in the vicinity of Galveston, Texas, and therefore considerably further from Houston than League City.

During 2004 petitioners owned three vehicles:  A Suburban, a Mercedes-Benz, and a Cadillac.  According to petitioner, the Suburban was driven for personal purposes, whereas the Mercedes-Benz was used by him for business purposes and the Cadillac was used by Mrs. Moore for business purposes.

At trial, petitioners introduced two Excel spreadsheets that petitioner described as mileage logs for the Mercedes-Benz and the Cadillac.  The mileage log for each vehicle consists of a 12-page spreadsheet with one page for each month of the year and an entry for each day of the month.  Each daily entry includes the beginning and ending odometer readings, the total "deductible business miles driven" and the total "nondeductible commuting miles driven", and the destination and "business reason" for the "business miles driven".  For all entries, the beginning odometer reading matches the ending odometer reading for the previous entry.

On petitioner's mileage log the entry for "business miles driven" typically exceeds 100 miles per day and occasionally is over 200 miles per day.  For every Monday through Friday throughout the year petitioner listed 60 commuting miles; these miles were included on the log even for those days that petitioner admitted were holidays for his City of Houston

position.[3]  The business destination entered for each Monday

through Friday is "La Marque to Houston".  The business

destination listed for the weekend days usually lists a town in

the greater Houston area to which petitioner would drive from

his home in League City.  The "business reason" entries are

nondescript, such as "show properties" or "show homes", "preview

bank foreclosure", or "make offers on investment property" or

"look for investment property".  The daily entry for

Thanksgiving Day 2004 indicates that petitioner commuted to his

City of Houston job and also drove 119 miles to "preview bank

foreclosure" at some undisclosed location; the daily entry for

Christmas Day 2004 indicates that petitioner drove 150 miles to

Hempstead, Texas, to "preview property for investment".  Daily

entries were not made on January 31, February 29, July 31, and

October 30 and 31.

On Mrs. Moore's mileage log the entry for "business miles

driven" also typically exceeds 100 miles per day and is as much

as 345 miles for a single day.  Every day, Sunday through

---

[3]  For example, petitioner's Jan. 1 entry lists 60 commuting miles even though petitioner stated Jan. 1 was a holiday.  On typical Government holidays including Jan. 19 (Martin Luther King, Jr. Day), Feb. 16 (Presidents' Day), Sept. 6 (Labor Day), Nov. 11 (Veterans Day), and Nov. 25 (Thanksgiving Day) petitioner listed 60 commuting miles even though petitioner admitted that each day was a holiday for his City of Houston job.

Other than the commuting miles, petitioner's log includes no personal miles whatsoever.

Saturday, includes an entry of 15 commuting miles.[4]  The business destination for each of the entries is La Marque to a surrounding town, often Houston or Galveston.  The business purpose entries are also nondescript, including "showed client properties", "distribute flyers", "preview HUD properties", or "visit client".  The daily entry for Thanksgiving Day 2004 indicates that Mrs. Moore commuted 15 miles and drove 95 business miles from La Marque to Galveston to "place ad in newspaper/visit client".  Daily entries for January 1 and December 25 and 26 state "off", suggesting that Mrs. Moore did not work on those days; the log does not include the dates of February 29 and August 31.

Petitioners' 2004 Federal income tax return was dated "12-31-07" and received by the Internal Revenue Service field office in Dallas, Texas, on that same date.  On their return, petitioners reported wages of $53,961 (attributable to petitioner's City of Houston job) and aggregate business losses of $26,782, for a net income of $27,179.

Attached to petitioners' return were three Schedules C. The first Schedule C was for the mortgage business ("United Home Mortgage") and listed Mrs. Moore as the proprietor.  This Schedule C claimed a deduction for car and truck expenses of

---

[4]  Other than commuting miles, Mrs. Moore's log includes no personal miles whatsoever.

$16,177.50 for 43,140 business miles driven. The second Schedule C was for the real estate business ("United Realty") and listed petitioner as the proprietor. This Schedule C claimed a deduction for car and truck expenses of $19,162.50 for 51,100 business miles driven. The third Schedule C was for an auto sales business ("United Auto Sales") and listed petitioner as the proprietor; however, this Schedule C is not at issue in this case.

On the first and second Schedules C, the business addresses for United Home Mortgage and United Realty are both listed as the same address in Houston, Texas, and no mention is made of any office location in La Marque.[5]

In the notice of deficiency, respondent disallowed in full the deductions claimed by petitioners for car and truck expenses on the first and second Schedules C. Respondent also determined that petitioners are liable for an addition to tax for failure to timely file a tax return and for an accuracy-related penalty based on negligence or disregard of rules or regulations.

### Discussion

#### A. Burden of Persuasion and Burden of Production

Generally, the Commissioner's determination of a deficiency is presumed correct, and the taxpayer has the burden of proving

---

[5] The business address for United Auto Sales is listed as Texas City, Texas.

otherwise.  Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933); cf. sec. 7491(a)(1), applicable only if, inter alia, the taxpayer has both complied with the requirements to substantiate an item, sec. 7491(a)(2)(A), and maintained all records required under the Internal Revenue Code, sec. 7491(a)(2)(B).

Section 7491(c) generally provides that the Commissioner bears the burden of production with respect to the liability of an individual for any penalty or addition to tax.  The Commissioner may meet his burden of production by coming forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty or addition to tax.  Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

B.  Schedule C Deductions for Car and Truck Expenses

Deductions are strictly a matter of legislative grace, and a taxpayer bears the burden of proving his or her entitlement to the deductions claimed.  Rule 142(a); INDOPCO, Inc. v. Commissioner, supra at 84; New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, supra at 115. This includes the burden of substantiation.  Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

Section 6001 further requires taxpayers to maintain books and records sufficient to substantiate the amounts of the

deductions claimed.  Sec. 1.6001-1(a), (e), Income Tax Regs.  If a taxpayer is unable to fully substantiate the expenses incurred, but there is evidence that deductible expenses were incurred, the Court may under certain circumstances allow a deduction based upon an approximation of expenses.  Cohan v. Commissioner, 39 F.2d 540, 544 (2d Cir. 1930).  But see Williams v. United States, 245 F.2d 559, 560-561 (5th Cir. 1957); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

However, in the case of expenses relating to the use of listed property, specifically including any passenger automobile or other property used as a means of transportation, section 274(d) imposes stringent substantiation requirements to document the nature and amount of such expenses.  Sec. 280F(d)(4)(A)(i), (ii), (5); Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); Larson v. Commissioner, T.C. Memo. 2008-187; sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985) (expressly superseding the so-called Cohan rule and making it inapplicable).  Thus, in order to satisfy these strict substantiation requirements, the taxpayer must maintain adequate records or sufficient corroborating evidence to establish each element of an expenditure.  Sec. 274(d); sec. 1.274-5T(b)(6), (c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46016, 46017 (Nov. 6, 1985).  Elements of an expenditure include (1) the

amount of such expense, (2) the time and place of the expense, and (3) the business purpose of the expense. Sec. 274(d). If the listed property is used for both personal and business purposes, deductions are disallowed unless a taxpayer establishes the amount of the business use of the property in question. Kinney v. Commissioner, T.C. Memo. 2008-287; sec. 1.274-5T(b)(6)(i)(B), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

On their 2004 return, petitioners claimed deductions for car and truck expenses of $16,177.50 and $19,162.50 for two separate vehicles. Petitioners contend that these vehicles were used solely for business and not for any personal purpose (other than commuting) such as going to church or to the grocery store. According to petitioner, "anytime you're moving, you're actually in business". So, for example, "when you drive to the grocery store, you will transact business." In this regard, when asked by the Court what part of the grocery store was most conducive to conducting his business, petitioner replied as follows:

> MR. MOORE: I would say the meat section, where they have the chips and all that good stuff. That's where people stop, and the fruit section; that's where I, you know--and if you're an agent and people know you're an agent, they will stop you and you will--you know, just have a conversation with them. If they're in the store and you pass a [business] card out.
>
> THE COURT: I mean, do you wear a sign that says, I'm an agent, and stop them--

MR. MOORE: No. This is only the people that know you, not strangers. You know, this would be individuals who live in the same community you live in and may have wanted to talk to you but haven't seen you. When they get to chance to see you--it might be a church member, you know, a deacon at the church * * *.

We find petitioner's theorem regarding the transmutation of nondeductible personal expenses into deductible business expenses through kinesis to be so fundamentally flawed that we reject it without further discussion, and we move on to a consideration of the proffered mileage logs.

The mileage logs are, of course, the bedrock of petitioners' case. Unfortunately for petitioners, we are unable to accept those logs at face value because we are not convinced that they reliably record petitioners' use of their automobiles. By way of example, we point to the following.

Petitioner's mileage log claimed commuting miles for several days that were holidays for his full-time position with the City of Houston. In addition, petitioner stated that "my commuting miles include occasional * * * personal use"; however, petitioner's log shows the same 60 commuting miles for each entry Monday through Friday.

Petitioner also stated that some personal miles were included in business miles because, as previously quoted, "any time you are moving, you're actually in business". Although petitioner stated that he worked every day of the year, the log

for his vehicle is missing entries for several days; nevertheless, the ending odometer reading from the last entry before the skipped day or days is the same as the beginning odometer reading of the next entry. Petitioner argued that the log is not "incorrect", but he did admit that there are some days on which "there might have been an error on the log."

Mrs. Moore's mileage log lists 15 commuting miles for each day except for the 5 days for which there is no entry. However, the mileage from League City, where petitioners' home is located, to La Marque is approximately 13 miles. Thus, round trip travel or commuting miles from petitioners' home to the La Marque office is approximately 26 miles. Therefore, every entry for commuting miles on Mrs. Moore's mileage log is understated by approximately 11 miles.

In addition, the destination descriptions and business purposes listed on both mileage logs are vague and generic in nature. For example, the destination might list the city visited without providing a more specific address, even though the business purpose would list "preview home", "show property", or "make offer on for sale by owner".

Finally, petitioners were unable to produce third-party records of their vehicles' odometer readings, such as service records, for 2004 or any other year, or any other evidence which

might support the claimed mileage.  See <u>Larson v. Commissioner</u>,
<u>supra</u>.

Undoubtedly, petitioners used their vehicles for business
purposes during the year in issue.  However, we are unable to
find that petitioners' mileage logs are sufficiently credible to
accept them at face value, as we are convinced that petitioners
both overstated deductible business miles and understated
nondeductible commuting and personal miles.[6]  Thus, we conclude
that petitioners' mileage logs are not adequate records, within
the meaning of section 274(d) and the regulations thereunder, of
mileage expenses and that petitioners have failed to provide
other corroborative evidence sufficient to establish that they
have met the requirements of that section.  See also <u>Tokarski v.</u>
<u>Commissioner</u>, 87 T.C. 74, 77 (1986).  Accordingly, we sustain
respondent's determination disallowing the deductions for car
and truck expenses claimed by petitioners on their 2004 tax
return.

C.  <u>Addition to Tax for Failure To File</u>

Section 6651(a)(1) imposes an addition to tax for failure
to file a return by its due date.  The addition equals 5 percent

---

[6]  For example, on the weekend days of Jan. 3 and 4,
petitioner's log lists Brazoria, Texas, as the business
destination and business miles as 189 and 178, respectively.
However, Brazoria is approximately 47 miles from La Marque, which
would mean petitioner drove 95 and 84 miles, respectively, within
various subdivisions on those days looking at/for property.

for each month or fraction thereof that the return is late, not to exceed 25 percent. Id.

In the absence of an extension, the last date for petitioners to have timely filed their Federal income tax return for 2004 was Friday, April 15, 2005. See sec. 6072(a). Respondent has proven, and has therefore discharged his burden of production under section 7491(c), that petitioners' 2004 Federal income tax return was not received and filed until December 31, 2007, more than 2-1/2 years after its due date.

"A failure to file a tax return on the date prescribed leads to a mandatory penalty unless the taxpayer shows that such failure was due to reasonable cause and not due to willful neglect." McMahan v. Commissioner, 114 F.3d 366, 368 (2d Cir. 1997), affg. T.C. Memo. 1995-547. A showing of reasonable cause requires a taxpayer to show that he or she exercised "ordinary business care and prudence" but was nevertheless unable to file the return within the prescribed time. United States v. Boyle, 469 U.S. 241, 246 (1985); sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

Petitioners have not offered any persuasive evidence to establish that the late filing of their return was due to reasonable cause and not due to willful neglect. Accordingly, we hold that petitioners are liable for the addition to tax under section 6651(a)(1).

D. <u>Section 6662 Penalty</u>

Section 6662(a) and (b)(1) imposes a penalty equal to 20 percent of the amount of any underpayment attributable to negligence or disregard of rules or regulations. The term "negligence" includes any failure to make a reasonable attempt to comply with tax laws, and "disregard" includes any careless, reckless, or intentional disregard of rules or regulations. Sec. 6662(c). Negligence also includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs. Furthermore, negligence is strongly indicated where a taxpayer fails to make a reasonable attempt to ascertain the correctness of a deduction on a return which would seem to a reasonable and prudent person to be "to good to be true" under the circumstances. Sec. 1.6662-3(b)(1)(ii), Income Tax Regs.

Section 6664(c)(1) provides an exception to the imposition of the accuracy-related penalty if the taxpayer establishes that there was reasonable cause for, and the taxpayer acted in good faith with respect to, the underpayment. Sec. 1.6664-4(a), Income Tax Regs. The determination of whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. The taxpayer bears the burden of proving that he or she did not act

negligently or disregard rules or regulations.  Rule 142(a); Welch v. Helvering, 290 U.S. at 115; Higbee v. Commissioner, 116 T.C. at 446; see sec. 7491(c) (regarding the Commissioner's burden of production).

Respondent based his determination of the accuracy-related penalty in large part on the disallowance of petitioners' Schedule C deductions for car and truck expenses of $16,177.50 and $19,162.50.[7]  Respondent has proven, and has therefore discharged his burden of production under section 7491(c), that petitioners failed to maintain records sufficient to satisfy the strict substantiation rules of section 274(d).

Petitioners have not met their burden of persuasion with respect to reasonable cause and good faith.[8]  Thus, on the record before us, we are unable to conclude that petitioners acted with reasonable cause and in good faith within the meaning of section 6664(c)(1).  Accordingly, petitioners are liable for the accuracy-related penalty under 6662(a).

---

[7]  Respondent also based his penalty determination on petitioners' failure to report certain items of income.  The includability of each of those items has been resolved by the parties through various concessions.

[8]  At trial, petitioners had little to say about this issue other than to imply that no penalty was applicable because there was no deficiency.

## Conclusion

We have considered all of the arguments made by petitioners and, to the extent that we have not specifically addressed those arguments, we conclude that they are without merit.

To reflect our disposition of the disputed issues, as well as the parties' concession,

<u>Decision will be entered under Rule 155</u>.