**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-5

UNITED STATES TAX COURT

ELLIOTT RODNEY THOMAS AND MILDRED MARIE THOMAS, Petitioners
<u>v</u>. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17678-10S.                    Filed January 30, 2013.

Elliott Rodney Thomas and Mildred Marie Thomas, pro sese.

<u>Sebastian Voth</u>, for respondent.

SUMMARY OPINION

CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the petition

was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated May 12, 2010 (notice), respondent:  (1) determined a $17,145 deficiency in petitioners' 2006 Federal income tax; (2) imposed a $2,179.50 section 6651(a)(1) addition to tax; and (3) imposed a $3,429 section 6662(a) accuracy-related penalty.

Petitioners have conceded the adjustment giving rise to the deficiency.  There remain in dispute the imposition of the above-referenced addition to tax and the accuracy-related penalty, and:  (1) whether petitioners are entitled to certain deductions not claimed on their joint 2006 Federal income tax return; and (2) whether petitioners' rental real estate activity is a passive activity within the meaning of section 469.

## Background

Some of the facts have been stipulated and are so found.  Petitioners are, and were at all times relevant, married to each other.  They are, and were when the petition was filed, residents of California.

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended, in effect for the year in issue.  Rule references are to the Tax Court Rules of Practice and Procedure.

During 2006 petitioners (or at least one of them) owned: (1) a four-unit apartment house in east Los Angeles, California, that was built "from the ground up" by Elliott R. Thomas (petitioner); (2) a single-family house in Los Angeles; and (3) a condominium unit in Las Vegas, Nevada. Each of these properties was held for rent and rented during the year in issue (rental properties). For the most part, petitioner performed all of the management and maintenance work required in connection with the rental properties. In addition to other activities, he collected rents, paid the bills, cleaned the rental units between tenants, initiated and pursued legal eviction proceedings, painted, and repaired damages. To the extent that supplies or building materials were needed in order to maintain the rental properties, petitioner routinely traveled to various locations to purchase those supplies and/or materials. Except for mowing the lawns and making certain electrical repairs, petitioner pretty much did whatever needed to be done in order to maintain the rental properties in a condition that would allow for their rental. Petitioner did not, however, maintain a contemporaneous log that detailed the time spent performing services in connection with the rental properties.

Petitioner or petitioners also owned a house in New Orleans, Louisiana (New Orleans house). The New Orleans house was severely damaged by Hurricane Katrina in 2005. Petitioners claimed a casualty loss deduction (2005 loss deduction)

for those damages on their 2005 Federal income tax return (2005 return). The 2005 loss deduction was disallowed in a notice of deficiency issued to petitioners on August 21, 2008. Petitioners petitioned this Court at docket No. 27136-08 in response to that notice of deficiency (2005 Tax Court case). The 2005 Tax Court case was resolved by settlement, and decision was entered on April 15, 2011; the 2005 loss deduction was allowed for 2005.

Petitioners' 2006 joint Federal income tax return (2006 return) was filed on July 9, 2008, which preceded the date that the 2005 Tax Court case was settled. Unsure of whether the loss caused by Hurricane Katrina was properly deductible in 2005 or 2006, they again claimed the deduction on their 2006 return.

The income and deductions attributable to the rental properties are reported on a Schedule E, Supplemental Income and Loss, included with petitioners' 2006 return. Taking into account deductions that total $46,539, the Schedule E shows a net loss of $25,639. That loss is taken into account in the $118,486 of adjusted gross income reported on petitioners' 2006 return.

The casualty loss deduction claimed on petitioners' 2006 return is disallowed in the notice; having been allowed the 2005 loss deduction, petitioners' now concede that adjustment. They continue to dispute the imposition of the

section 6651(a)(1) addition to tax and the section 6662(a) accuracy-related penalty.

After the petition in this case was filed, petitioners prepared and submitted to respondent an amended 2006 Federal income tax return (amended return); the amended return has not been processed. The Schedule E included with the amended return shows deductions not claimed on the Schedule E included with the 2006 return. According to the amended return, the additional deductions are attributable to rental property expenses for: (1) auto and travel--$610; (2) insurance--$1,163; (3) legal and other professional fees--$10,253; (4) repairs--$11,096; and (5) utilities--$842. Petitioners now claim entitlement to these additional deductions in this proceeding.[2]

Respondent not only does not agree that petitioners are entitled to the additional rental property deductions now claimed, but in an amendment to answer filed after receipt of the 2006 amended return, seeks an increased deficiency. See sec. 6214. According to the amendment to answer, the loss from the rental properties, whether computed as shown on the 2006 return or the amended return,

---

[2]Petitioners' claim to additional deductions is not made in a pleading. The issues relating to those additional deductions were tried by consent. See Rule 41(b).

is a loss from a passive activity and any deduction for such a loss is limited by section 469.

Discussion

Loss From Rental Properties

The Schedule E included with petitioners' 2006 return shows a $25,639 loss from the rental properties (rental loss). A deduction for the rental loss is taken into account in the adjusted gross income reported on that return. The rental loss is not adjusted in the notice. Respondent now takes the position that the rental loss was incurred in a passive activity and the deduction attributable to that loss is limited by section 469. According to respondent's amendment to answer, petitioners' rental loss deduction is limited to $2,937, see sec. 469(i), and the deficiency is correspondingly increased.

According to petitioners, petitioner is a taxpayer described in section 469(c)(7) and therefore the section 469 limitations do not apply to the rental loss deduction here in dispute. The burden of proof is on respondent to establish otherwise, see Rule 142(a); Shea v. Commissioner, 112 T.C. 183 (1999); Tabrezi v. Commissioner, T.C. Memo. 2006-61, and that burden has not been met. For 2006 petitioners' rental loss deduction is not subject to the limitations imposed by

section 469. Accordingly, respondent's assertion of an increased deficiency in his amendment to answer is rejected.

Petitioners' Claim for Additional Deductions

As we have observed in opinions too numerous to count, deductions are a matter of legislative grace, and the taxpayer bears the burden of proof to establish entitlement to any claimed deduction.[3] Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). This burden requires the taxpayer to substantiate deductions claimed by keeping and producing adequate records that enable the Commissioner to determine the taxpayer's correct tax liability. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965). A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to some statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred. See sec. 6001; Hradesky v. Commissioner, 65 T.C. at 89-90; sec. 1.6001-1(a), Income Tax Regs. These principles apply with equal force regardless

---

[3]Nothing suggests that the provisions of sec. 7491(a) are applicable, and we proceed as though they are not.

of whether a deduction is claimed on an original or amended Federal income tax return or for the first time in a proceeding before this Court.

The types of expenses underlying the additional deductions are contemplated by section 162(a) and/or 212, and deductions for such expenses are allowable under the authority of one or the other of those sections. According to respondent, however, petitioners are not entitled to increase their rental loss deduction as shown on the amended return. As an alternative to his reliance upon section 469, respondent argues that petitioners have failed to substantiate the additional deductions.

Taking into account the evidence submitted by petitioners in support of their claim to the additional deductions, we find as follows with respect to each expense.

1. Auto and Travel

Petitioners are not entitled to an additional deduction for auto and travel expenses because they have failed properly to substantiate the expenses to which the deduction relates.[4]

---

[4]Sec. 274(d) imposes strict substantiation requirements with respect to deductions for travel, meals, entertainment, and "listed property" expenses. Sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). "Listed property" includes passenger automobiles. Sec. 280F(d)(4)(A)(i).

2. Insurance

Petitioners are not entitled to an additional deduction for insurance because they have failed to establish that an insurance expense in excess of the amount shown on their 2006 return has been paid or incurred.

3. Legal and Professional Fees

The evidence shows that petitioners paid closing costs totaling $10,253 in connection with refinancing one of their rental properties. The closing costs include: (1) a $4,170 loan origination fee; (2) a $450 processing fee; (3) a $295 funding fee; (4) a $75 tax service fee; (5) a $50 wire transfer fee; (6) an $8 flood "cert" fee; (7) a $370 underwriting fee; (8) $2,435.42 in interest; and (9) a $2,400 escrow fee.

In general, interest paid or accrued by a taxpayer is allowable as a deduction. Sec. 163(a). On the other hand, amounts paid or incurred for lender's services in connection with a loan are generally capital expenditures and must be amortized over the life of the loan. Goodwin v. Commissioner, 75 T.C. 424, 440-441 (1980), aff'd without published opinion, 691 F.2d 490 (3d Cir. 1982).

Petitioners are entitled to a deduction for the interest shown on the Schedule E included with the amended return (no interest deduction is shown on the Schedule E included with the 2006 return). Except for the escrow fee, the remaining fees

represent charges for lender services which must be capitalized and amortized over the life of the loan. Because the life of the loan has not been established, petitioners are not entitled to any such amortization deduction for 2006. The escrow fee can be neither deducted nor capitalized because petitioners did not establish that the amount was a fee. It appears more likely that the label "escrow fee" is a misnomer, and, in fact, represents an amount contributed to escrow.

4. Repairs

Petitioners claimed an $11,096 deduction for repairs expenses incurred in connection with the rental properties. This includes the cost of supplies petitioners purchased to make repairs at the rental properties. Petitioners provided receipts adequately substantiating the purchase of the supplies. The Schedule E included with petitioners' 2006 return shows no deduction for repairs. Accordingly, petitioners are entitled to a deduction for repairs expenses as shown on the Schedule E included with the amended return.

5. Utilities

Petitioners claimed an $842 deduction for utilities expenses incurred in connection with one of their rental properties. Petitioners did not provide any

receipts, other substantiating documentation, or testimony regarding this expense. Accordingly, petitioners are not entitled to a deduction for utilities.

<u>Section 6651(a)(1) Addition to Tax</u>

Section 6651(a)(1) imposes an addition to tax for failure to file a return by its due date. The addition equals 5% of the amount required to be shown as tax on the return for each month or fraction thereof that the return is late, not to exceed 25%. Sec. 6651(a)(1). The burden of production with respect to the imposition of the section 6651(a)(1) addition to tax imposed in the notice rests with respondent. <u>See</u> sec. 7491(c). In the absence of an extension, the last date for petitioners to have timely filed their Federal income tax return for 2006 was Monday, April 16, 2007.[5] <u>See</u> sec. 6072(a). There is no dispute that petitioners' 2006 Federal income tax return was not received by respondent and filed until July 9, 2008, more than one year after its due date. Respondent's burden of production has been satisfied.

"A failure to file a tax return on the date prescribed leads to a mandatory penalty unless the taxpayer shows that such failure was due to reasonable cause and not due to willful neglect." <u>McMahan v. Commissioner</u>, 114 F.3d 366, 368 (2d Cir.

---

[5]April 15 fell on a Sunday in 2007. <u>See</u> secs. 6072(a), 7503.

1997), aff'g T.C. Memo. 1995-547. A showing of reasonable cause requires a taxpayer to show that the taxpayer exercised "ordinary business care and prudence" but was nevertheless unable to file the return within the prescribed time. United States v. Boyle, 469 U.S. 241, 246 (1985); sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

Petitioners rely on Internal Revenue Service (IRS) Publication 4492, Information for Taxpayers Affected by Hurricanes Katrina, Rita, and Wilma, to establish that the late filing of their 2006 return was due to reasonable cause and not due to willful neglect. IRS Publication 4492 "extended deadlines that apply to filing returns, paying taxes, and performing certain other time-sensitive acts for certain taxpayers affected by Hurricane Katrina, Rita, or Wilma, until February 28, 2006." As relevant here, "[t]he extension applies to deadlines (either an original or extended due date) that" occurred "[a]fter August 28, 2005 * * * and before February 28, 2006, for taxpayers affected by Hurricane Katrina." To be eligible for the extension provided in IRS Publication 4492 petitioners must meet the definition of "affected taxpayer". As relevant here, an affected taxpayer includes any individual "whose main home is located in a covered disaster area," or "whose principal place of business is located in a covered disaster area".

As noted, petitioners' 2006 return was due on or before April 16, 2007, a date not within the period contemplated in IRS Publication 4492. Furthermore, petitioners' "main home" was in California during the relevant period, as was their "principal place of business"; consequently petitioners do not meet the definition of an "affected taxpayer" within the meaning of the publication. Lastly, petitioners' 2006 return was not filed until July 9, 2008, long after the extension otherwise allowed. Accordingly, the filing due date for petitioners' 2006 return was not extended in accordance with IRS Publication 4492, and petitioners are liable for a section 6651(a)(1) addition to tax.

Section 6662(a) Accuracy-Related Penalty

Section 6662(a) imposes a penalty of 20% of the portion of the underpayment of tax attributable to, among other things, a substantial understatement of income tax. Sec. 6662(b)(2). An understatement of income tax is substantial within the meaning of section 6662 if, as relevant here, the understatement exceeds $5,000. See sec. 6662(d); sec. 1.6662-4(b), Income Tax Regs.

Respondent bears the burden of production with respect to the imposition of the penalty imposed in the notice and here in dispute, see sec. 7491(c), and that burden has been satisfied because the understatement of income tax (here computed

in the same manner as the deficiency), even as reduced by the allowance of the additional deductions discussed above, will exceed $5,000, see secs. 6211, 6662(d)(2), 6664(a). That being so, it is petitioners' burden to establish that the imposition of the penalty is not appropriate. See Higbee v. Commissioner, 116 T.C. 438, 447 (2001); see also Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Section 6664(c)(1) provides that the section 6662(a) accuracy-related penalty does not apply to any portion of an underpayment if the taxpayer establishes that there was reasonable cause for, and the taxpayer acted in good faith with respect to, the underpayment. Sec. 1.6664-4(a), Income Tax Regs. The determination of whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs.

The deficiency, the underpayment of tax required to be shown on petitioners' 2006 return, and the understatement of income tax all result from the casualty loss deduction claimed on petitioners' 2006 return and disallowed in the notice. At first glance it would seem that an underpayment of tax that results from the disallowance of a deduction allowed in a previous year would be subject to the penalty. According to petitioners, however, the penalty should not be imposed because they

- 15 -

acted reasonably and in good faith with respect to the underpayment of tax that resulted from the disallowance of the casualty loss deduction. Because of the sequence of events, we agree with petitioners.

The casualty loss deduction claimed on petitioners' 2005 return and 2006 return relates to the same occurrence, that is, the loss they sustained on account of the damages suffered to the New Orleans house during Hurricane Katrina. They are obviously not entitled to two deductions attributable to the same loss. Their entitlement to the 2005 loss deduction, however, was in question as of the date their 2006 return was filed. Claiming the casualty loss deduction again for 2006 was intended to ensure that the deduction was allowed for one or the other of the years. We find that petitioners had reasonable cause and acted in good faith with respect to the underpayment of tax attributable to the disallowed casualty loss deduction claimed on their 2006 return. Consequently, they are not liable for a section 6662(a) accuracy-related penalty for 2006.

To reflect the foregoing,

Decision will be entered

under Rule 155.