**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-87

UNITED STATES TAX COURT

EUGENE VILLARREAL AND SOON S. VILLARREAL, Petitioners <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23439-11S.                    Filed September 3, 2014.

Eugene Villarreal and Soon S. Villarreal, pro sese.

<u>Sze Wan Florence Char</u>, for respondent.

SUMMARY OPINION

CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated July 15, 2011 (notice), respondent determined a $21,410 deficiency in petitioners' 2008 Federal income tax and imposed a $1,070.50 section 6651(a)(1) addition to tax and a $4,282 section 6662(a) accuracy-related penalty.  After concessions, the issues for decision are: (1) whether petitioners are entitled to various trade or business expense deductions in excess of the amounts now allowed by respondent; (2) whether petitioners are entitled to mortgage interest deductions in excess of the amounts now allowed by respondent; (3) whether petitioners are liable for a section 6651(a)(1) addition to tax; and (4) whether petitioners are liable for a section 6662(a) accuracy-related penalty.

## Background

Petitioners are, and were at all times relevant, married to each other.  Their untimely joint 2008 Federal income tax return (return) was filed on November 6, 2009.  When the time the petition was filed, petitioners resided in New Jersey.

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended, in effect for the year in issue.  Rule references are to the Tax Court Rules of Practice and Procedure.

Mrs. Villarreal organized Art Florist, LLC (Art Florist), in 2003. During 2008 Art Florist operated out of rented space in a commercial building in New Jersey. Although it is not entirely clear from the record, it appears that Mrs. Villarreal ran the day-to-day operations of Art Florist and Mr. Villarreal assisted her in various, if not fully explained, ways.

Mrs. Villarreal maintained a checking account and a savings account for Art Florist, each separate from petitioners' personal banking accounts. In addition to Art Florist's bank account records and the registers associated with the accounts, petitioners retained receipts and invoices for many of the expenses that Art Florist incurred.

Petitioners requested, and were granted, an extension of time within which to file their return. The due date for the return was extended to October 15, 2009. As noted, the return was not filed until November 6, 2009. Apparently, Mr. Villarreal prepared the return using a commercially available return preparation software program. Among other things and as relevant here, the return includes: (1) a Schedule A, Itemized Deductions, on which petitioners claimed a $40,863 home mortgage interest deduction; (2) a Schedule C, Profit or Loss From Business, showing Mrs. Villarreal as the proprietor of Art Florist; and (3) a Schedule E, Supplemental Income and Loss, on which, as relevant here,

petitioners claimed a $32,394 deduction for mortgage interest attributable to two rental properties.

The Schedule C indicates that the items reported thereon were reported using the cash basis method of accounting as follows:

Income:

| | |
|---|---|
| Gross receipts or sales | $92,956 |
| Cost of good sold | - 0 - |
| Returns and allowances | 1,008 |
| Gross income | 91,948 |

Expenses:

| | |
|---|---|
| Advertising | 1,993 |
| Car and truck | 5,959 |
| Depreciation and section 179 | 57 |
| Insurance (other than health) | 539 |
| Interest (other) | 6,647 |
| Legal and professional services | 3,258 |
| Office | 213 |
| Rent or lease of other business property | 15,000 |
| Supplies | 43,182 |
| Taxes and licenses | 4,779 |
| Utilities | 10,172 |
| Other expenses | 149 |
| Total | 91,948 |
| | |
| Net profit/loss | - 0 - |

In the notice respondent disallowed for lack of substantiation: (1) deductions claimed on the Schedule C for advertising, interest (other), rent or lease of other business property, supplies, taxes and licenses, and utilities; (2) the deduction for home mortgage interest claimed on the Schedule A; and (3) the deduction for mortgage interest claimed on the Schedule E. Respondent also imposed a section 6651(a)(1) addition to tax on account of petitioners' failure to file the return by its due date and a section 6662(a) accuracy-related penalty on several grounds, including "negligence or disregard of rules or regulations" and "substantial understatement of income tax". Other adjustments made in the notice are computational and need not be addressed.

## Discussion

Respondent now agrees that petitioners are entitled to deductions for some or at least portions of some of the expenses listed above; according to respondent, however, the deductions remaining in dispute should not be allowed because petitioners have failed to properly substantiate the expenses underlying those deductions.

As we have observed in countless opinions, deductions are a matter of legislative grace, and the taxpayer bears the burden of proof to establish

entitlement to any claimed deduction.[2]  Rule 142(a); <u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. 79, 84 (1992); <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934).  This burden requires the taxpayer to substantiate expenses for deductions claimed by keeping and producing adequate records that enable the Commissioner to determine the taxpayer's correct tax liability.  Sec. 6001; <u>Hradesky v. Commissioner</u>, 65 T.C. 87, 89-90 (1975), <u>aff'd per curiam</u>, 540 F.2d 821 (5th Cir. 1976); <u>Meneguzzo v. Commissioner</u>, 43 T.C. 824, 831-832 (1965). A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to some statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred.  <u>See</u> sec. 6001; <u>Hradesky v. Commissioner</u>, 65 T.C. at 89-90; sec. 1.6001-1(a), Income Tax Regs.

Taxpayers may deduct ordinary and necessary expenses paid in connection with operating a trade or business.  Sec. 162(a); <u>Boyd v. Commissioner</u>, 122 T.C. 305, 313 (2004).  Generally, a cash basis taxpayer may deduct a business expense for the taxable year in which the expense is paid upon a showing by adequate substantiation that the expense was actually paid during that year.

---

[2]Petitioners do not claim that the provisions of sec. 7491(a) are applicable, and we proceed as though they are not.

Informed by these fundamental principles of Federal income taxation, we turn our attention to the issues remaining in dispute.

I. Disputed Deductions

A. Schedule C Expenses

1. Advertising

Petitioners claimed a $1,993 deduction for advertising expenses. As best we can determine from our review of Art Florist's checking account records and the related check registers, petitioners paid $259 for advertising expenses in 2008. Accordingly, petitioners are entitled to a $259 deduction for advertising expenses for 2008.

2. Interest (Other)

Petitioners claimed a $6,647 deduction for "other" interest expenses; however, no explanation for the deduction was provided. Petitioners' business and personal credit card statements show the accrual of monthly finance charges on those accounts. For the most part it appears that purchases made on the business credit card accounts were made on behalf of Art Florist and purchases made on the personal credit card accounts were personal. To the extent that the deduction for interest relates to, or includes finance charges incurred on

petitioners' personal credit card accounts, that interest is not deductible. <u>See</u> secs. 163(h)(1), 262(a). A review of Art Florist's monthly credit card statements shows that balances continued to accrue. Accordingly, with respect to Art Florist, we are able to determine only the amounts of finance charges incurred during 2008, not the amounts of finance charges that petitioners actually paid. Nothing else in the record suggests that petitioners would otherwise be entitled to a deduction for interest expenses as claimed on their Schedule C. Accordingly, petitioners are not entitled to any portion of the $6,647 deduction for "other" interest claimed on the Schedule C.

### 3. Supplies[3]

Petitioners claimed a $43,182 deduction for supplies for 2008. Our review of Art Florist's checking account records and the related check registers shows that petitioners paid $41,440.60 for supplies in 2008. Accordingly, petitioners are entitled to a $41,440.60 deduction for supplies for 2008.

---

[3]As noted, no entry is made on the line for cost of goods sold on the Schedule C. It would appear that some of the items classified as "supplies" by petitioners should have been treated as an item includable in cost of goods sold. Because the distinction makes no difference at this point, we follow petitioners' lead and for convenience ignore the distinction.

4. Taxes and Licenses

Petitioners claimed a $4,779 deduction for taxes and licenses attributable to Art Florist's sales tax liability for 2008. Our review of Art Florist's checking account records and the related check registers, Sales and Use Tax Quarterly Returns for the New Jersey Division of Taxation, and confirmations of payment of sales tax from the New Jersey Division of Taxation shows that petitioners paid and are entitled to a deduction for the amount claimed.

5. Utilities

Petitioners claimed a $10,172 deduction for utilities expenses. Respondent now concedes that petitioners are entitled to a $5,619.83 deduction for utilities. Petitioners' records fail to establish that they are entitled to a deduction in excess of the amount now allowed by respondent.

B. Schedule A and Schedule E Mortgage Interest Deductions

Petitioners claimed a $40,863 deduction for home mortgage interest on Schedule A and a $32,394 mortgage interest deduction on the Schedule E.

Subject to certain limitations, section 163(h)(2)(D) allows a deduction for qualified interest paid on acquisition indebtedness or home equity indebtedness with respect to a qualified residence. See also sec. 163(h)(3).

Respondent now concedes that petitioners are entitled to a $15,947 deduction for home mortgage interest claimed on the Schedule A and the entire deduction for mortgage interest claimed on the Schedule E.[4] Petitioners have failed to establish that they are entitled to deductions for mortgage interest in excess of the amounts now allowed by respondent.

## II. Section 6651(a)(1) Addition to Tax

Section 6651(a)(1) imposes an addition to tax for failure to file a return by its due date. The addition equals 5% of the amount required to be shown as tax on the return for each month or fraction thereof that the return is late, not to exceed 25%. See id. The burden of production with respect to the imposition of the section 6651(a)(1) addition to tax imposed in the notice rests with respondent. See sec. 7491(c).

Petitioners requested, and were granted, an extension of time within which to file their 2008 return. With the extension, the due date for the tax return was October 15, 2009. There is no dispute that petitioners' 2008 return was not received by respondent and filed until November 6, 2009. Respondent's burden of production has been satisfied.

_____

[4]Respondent's concession reflects four Forms 1098, Mortgage Interest Statement, issued by various lenders or loan servicing companies that show that petitioners paid $48,342.10 of mortgage interest in 2008.

"A failure to file a tax return on the date prescribed leads to a mandatory penalty unless the taxpayer shows that such failure was due to reasonable cause and not due to willful neglect." McMahan v. Commissioner, 114 F.3d 366, 368 (2d Cir. 1997), aff'g T.C. Memo. 1995-547. A showing of reasonable cause requires a taxpayer to show that the taxpayer exercised "ordinary business care and prudence" but was nevertheless unable to file the return within the prescribed time. United States v. Boyle, 469 U.S. 241, 246 (1985); sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

Petitioners argue that they are not liable for the section 6651(a)(1) addition to tax because at the time the return was due, Mr. Villarreal reviewed the return and concluded that no tax was due with the return. For the foregoing reasons, we find he was mistaken, and a mistaken belief that no tax is due does not excuse a taxpayer from the imposition of the addition to tax. See Richardson v. Commissioner, T.C. Memo. 1991-258. Accordingly, petitioners are liable for a section 6651(a)(1) addition to tax.

III. Section 6662(a) Accuracy-Related Penalty

Lastly, we consider whether petitioners are liable for a section 6662(a) accuracy-related penalty. That section imposes an accuracy-related penalty equal to 20% of the underpayment of tax that is attributable to negligence or

other specified grounds. A taxpayer's failure to keep adequate records to substantiate expenses underlying claimed deductions can support the imposition of the section 6662(a) accuracy-related penalty on the ground of negligence. See sec. 1.6662-3(b)(1), Income Tax Regs. As with the addition to tax under section 6651(a)(1), the burden of production with respect to the imposition of the section 6662(a) accuracy-related penalty rests with the Commissioner. See sec. 7491(c).

Petitioners failed to maintain adequate substantiating records for some of the expenses underlying the deductions claimed on their 2008 return. To the extent that petitioners did maintain records, the records show that some deductions were overstated, and petitioners failed completely to explain at least one of the deductions here in dispute. Relying on those reasons, respondent argues that he has satisfied his burden of production with respect to the imposition of the penalty based on negligence, see sec. 6662(b)(1), and we agree.

The accuracy-related penalty does not apply to any part of an underpayment of tax if it is shown that the taxpayer acted with reasonable cause and in good faith with respect to that portion. Sec. 6664(c)(1). The determination of whether a taxpayer acted in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. Petitioners bear the burden of proving that they had reasonable cause and acted in

good faith with respect to the underpayment.  See Higbee v. Commissioner, 116 T.C. 438, 449 (2001).  Mr. Villarreal acknowledges that he "did make mistakes on the tax return", but according to him, those mistakes are attributable to the tax preparation software that he used to prepare the return.  However, petitioners failed to introduce any evidence that demonstrates how mistakes on their tax return were the result of errors in their tax preparation software and not due to their own misuse of the software.

Petitioners' explanation for the underpayment of tax required to be shown on their return, which in this case is computed in the same manner as the deficiency, see secs. 6211(a), 6664(a), is nonspecific and therefore unavailing.  See, e.g., Bunney v. Commissioner, 114 T.C. 259, 267 (2000).  Petitioners are liable for a section 6662(a) accuracy-related penalty computed on the entire amount of the redetermined deficiency.

To reflect the foregoing,

Decision will be entered

under Rule 155.